# ADAMS EXPRESS COMPANY *v.* KENTUCKY.[1]

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF KENTUCKY.

No. 586.   Argued December 11, 14, 1896. — Decided March 15, 1897.

Section 4077 of the compilation of the Kentucky statutes of 1894 provides
that each of the enumerated companies or corporations; " every other
like company, corporation or association"; and also " every other cor-
poration, company or association having or exercising any special or
exclusive privilege or franchise not allowed by law to natural persons,
or performing any public service, shall, in addition to the other taxes
imposed on it by law, annually pay a tax on its franchise to the State,
and a local tax thereon to the county, incorporated city, town and taxing
district, where its franchise may be exercised"; and in the succeeding
sections the words " franchise," " franchises " and " corporate franchise "
are used.  *Held* that, taking the whole act together, and in view of the
provisions of sections 4078, 4079, 4080 and 4081, it was evident that
the word "franchise" was not employed in a technical sense, and that
the legislative intention was plain that the entire property, tangible and
intangible, of all foreign and domestic corporations, and all foreign and
domestic companies possessing no franchise, should be valued as an
entirety, the value of the tangible property be deducted, and the value of
the intangible property thus ascertained be taxed under these provisions;
and as to railroad, telegraph, telephone, express, sleeping car, etc., com-
panies, whose lines extend beyond the limits of the State, that their
intangible property should be assessed on the basis of the mileage of
their lines within and without the State; but that from the valuation on
the mileage basis the value of all tangible property should be deducted
before the taxation was applied.

So far as the commerce clause and the Fourteenth Amendment of the
Federal Constitution are concerned, this scheme of taxation is not in
contravention thereof, as already determined in *Adams Express Company
v. Ohio State Auditor*, 165 U. S. 194, and cases cited.

Considered as a property tax, it is in harmony with the provisions of the
constitution of the Commonwealth of Kentucky.

Section 174 of the constitution of Kentucky does not prevent intangible
property from being taxed, and the tax mentioned in section 4077 is not
an additional tax upon the same property, but upon intangible property
which has not been taxed as tangible property.

---

[1] The docket title of this case is Levi C. Weir, President of the Adams
Express Company, Appellant *v.* L. C. Norman, Auditor of Public Accounts
for the Commonwealth of Kentucky.

Neither section 172 of the Kentucky constitution, nor any other section, confines the levy of an *ad valorem* tax to tangible property.

The statute, as construed by the Court of Appeals of the State of Kentucky, cannot be overthrown for failure to conform to the requirements of sections 171, 172 and 174 of the state constitution.

THIS was a bill filed in the Circuit Court of the United States for the District of Kentucky on behalf of the Adams Express Company to enjoin the collection and certification of taxes against it for the year 1895 under an act of. Kentucky of November 11, 1892, entitled "An act relating to revenue and taxation," carried forward as chapter 108 of the compilation of the Kentucky statutes of 1894, page 1291. The case comes to this court on appeal from a decree of the Circuit Court sustaining a demurrer and dismissing the bill as amended. The decree proceeded on the grounds stated by Judge Barr in the opinion of the court in *Western Union Telegraph Co.* v. *Norman,* 77 Fed. Rep. 13.

The bill charged the statute of Kentucky, under which the tax complained of was levied, to be in contravention of the Constitution of the United States, and also of sections 171, 172 and 174 of the constitution of Kentucky. Similar averments to those considered in *Adams Express Company* v. *Ohio State Auditor,* 165 U. S. 194, appear in this bill, and need not be repeated at length. It is stated that the Adams Express Company had no property in the State of Kentucky in the year 1895, except certain horses, wagons, harness, trucks, safes, office fixtures and other appliances, located at different points in the State, and that all of said property, including the moneys and credits of the company within the State, were duly returned and assessed for state, county, municipal and other purposes; that the said cash value of the same was $36,614.53, and that the taxes thereon were duly paid; and that the tax complained of is an assessment for state, county, municipal and other purposes on the further sum of $1,463,040.

Sections 171, 172, 174 and 181 of the constitution are as follows :

"§ 171. The general assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to

defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.

"§ 172. All property, not exempted from taxation by this constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; and any officer, or other person authorized to assess values for taxation, who shall commit any wilful error in the performance of his duty, shall be deemed guilty of misfeasance, and upon conviction thereof shall forfeit his office, and be otherwise punished as may be provided by law."

"§ 174. All property, whether owned by natural persons or corporations, shall be taxed in proportion to its value, unless exempted by this constitution; and all corporate property shall pay the same rate of taxation paid by individual property. Nothing in this constitution shall be construed to prevent the general assembly from providing for taxation based on income, licenses or franchises."

"§ 181. The general assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. The general assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities, and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions."

Sections 190 to 208 refer to corporations, the latter section reading: "The word 'corporation' as used in this constitution shall embrace joint stock companies and associations."

Chapter 108 of the compilation of 1894 is divided into articles as well as sections, and may be referred to by way of con-

venience. There are some slight differences from the act of 1892 not material to be noted. The first article contains the general provisions relating to the assessment and collection of taxes "upon all property."

Sections 4019 and 4020 are as follows:

"§ 4019. An annual tax of forty-two and one half cents upon each one hundred dollars of value of all property directed to be assessed for taxation, as hereinafter provided, shall be paid by the owner, person or corporation assessed. The aggregate amount of tax realized by all assessments shall be for the following purposes: Fifteen (15) cents for the ordinary expenses of the government; five (5) cents for the use of the Sinking Fund; twenty-two (22) cents for the support of the common schools, and one half of one cent for the Agricultural and Mechanical College, as now provided by law, by an act entitled 'An act for the benefit of the Agricultural and Mechanical College,' approved April twenty-ninth, one thousand eight hundred and eighty, including the necessary travelling expenses of all pupils of the State entitled to free tuition in said college, and who continue students for the period of ten months, unless unavoidably prevented.

"§ 4020. All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation, unless the same be exempt from taxation by the constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale."

Article two relates to the assessment of property by the assessors, to whom every person in the Commonwealth must give in a list of all his property under oath.

Section 4058 provides for schedules with interrogatories to be propounded to each person, "with affidavit thereto attached, to be signed and sworn to by the person whose property is assessed." The schedules contain a long list of

items, including all forms of tangible and intangible, real, personal and mixed property; the enumeration being exceedingly minute.   The first eleven items relate to bonds; notes secured by mortgage; other notes; accounts; cash on hand; cash on deposit in bank; cash on deposit with other corporations; cash on deposit with individuals; all other credits or money at interest; stock in joint stock companies or associations; stock in foreign corporations.

The third article covers the assessment of corporations; corporations generally; banks and trust companies; building and loan associations; turnpikes.

Sections 4077, 4078, 4079, 4080, 4081, 4082 and 4091 are as follows:

"§ 4077.   Every railway company or corporation, and every incorporated bank, trust company, guarantee or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace car company, dining car company, sleeping car company, chair car company and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise, not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchises may be exercised.   The auditor, treasurer and secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section four thousand and ninety-five of this article, the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the board of valuation and assessment, and for the discharge of such other duties as may be imposed

on them by this act. The auditor shall be chairman of said board, and shall convene the same from time to time, as the business of the board may require.

"§ 4078. In order to determine the value of the franchises mentioned in the next preceding section, the corporations, companies and associations mentioned in the next preceding section, except banks and trust companies whose statements shall be filed as hereinafter required by section four thousand and ninety-two of this article, shall annually, between the fifteenth day of September and the first day of October, make and deliver to the auditor of public accounts of this State a statement, verified by its president, cashier, secretary, treasurer, manager or other chief officer or agent, in such form as the auditor may prescribe, showing the following facts, viz.: the name and principal place of business of the corporation, company or association; the kind of business engaged in; the amount of capital stock, preferred and common; the number of shares of each; the amount of stock paid up; the par and real value thereof; the highest price at which such stock was sold at a *bona fide* sale within twelve months next before the fifteenth day of September of the year in which the statement is required to be made; the amount of surplus fund and undivided profits, and the value of all other assets; the total amount of indebtedness as principal, the amount of gross or net earnings or income, including interest on investments, and incomes from all other sources for twelve months next preceding the fifteenth day of September of the year in which the statement is required; the amount and kind of tangible property in this State, and where situated, assessed or liable to assessment in this State, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale, and such other facts as the auditor may require.

"§ 4079. Where the line or lines of any such corporation, company or association extend beyond the limits of the State or county, the statement shall, in addition to the other facts hereinbefore required, show the length of the entire lines operated, owned, leased or controlled in this State, and in

each county, incorporated city, town or taxing district, and
the entire line operated, controlled, leased or owned else-
where.  If the corporation, company or association be organ-
ized under the laws of any other State or government, or
organized and incorporated in this State, but operating and
conducting its business in other States as well as in this State,
the statement shall show the following facts, in addition to
the facts hereinbefore required : The gross and net income or
earnings received in this State and out of this State, on busi-
ness done in this State, and the entire gross receipts of the
corporation, company or association in this State and else-
where during the twelve months next before the fifteenth
day of September of the year in which the assessment is
required to be made.  In cases where any of the facts above
required are impossible to be answered correctly, or will not
afford any valuable information in determining the value of
the franchises to be taxed, the said board may excuse the offi-
cer from answering such questions : *Provided*, That said board,
from said statement, and from such other evidence, as it may
have, if such corporation, company or association be organized
under the laws of this State, shall fix the value of the capital
stock of the corporation, company or association, as provided
in the next succeeding section, and from the amount thus
fixed shall deduct the assessed value of all tangible property
assessed in this State, or in the counties where situated.  The
remainder thus found shall be the value of its corporate fran-
chise subject to taxation as aforesaid.

  "§ 4080.  If the corporation, company or association be or-
ganized under the laws of any other State or government,
except as provided in the next section, the board shall fix the
value of the capital stock as hereinbefore provided, and will
determine from the amount of the gross receipts of such cor-
poration, company or association in this State and elsewhere,
the proportion which the gross receipts in this State, within
twelve months next before the fifteenth day of September of
the year in which the assessment was made, bears to the entire
gross receipts of the company, the same proportion of the
value of the entire capital stock, less the assessed value of the

tangible property assessed, or liable to assessment, in this State, shall be the correct value of the corporate franchise of such corporation, company or association for taxation in this State.

"§ 4081. If the corporation organized under the laws of this State or of some other State or government be a railroad, telegraph, telephone, express, sleeping, dining, palace or chair car company, the lines of which extend beyond the limits of this State, the said board will fix the value of the capital stock as hereinbefore provided, and that proportion of the value of the capital stock, which the length of the lines operated, owned, leased or controlled in this State, bears to the total length of the lines owned, leased or controlled in this State and else-- where, shall be considered in fixing the value of the corporate franchise of such corporation liable for taxation in this State ; and such corporate franchise shall be liable to taxation in each county, incorporated city, town or district through, or into which, such lines pass, or are operated, in the same proportion that the length of the line in such county, city, town or dis- trict bears to the whole length of lines in the State, less the value of any tangible property assessed, or liable to assessment, in any such county, city, town or taxing district.

"§ 4082. Whenever any person or association of persons not being a corporation nor having capital stock, shall, in this State, engage in the business of any of the corporations men- tioned in the first section of this article, then the capital and property, or the certificates or other evidences of the rights or interests of the holders thereof in the business or capital and property employed therein, shall be deemed and treated as the capital stock of such person or association of persons for the purposes of taxation and all other purposes under this arti- cle, in like manner as if such person or association of persons were a corporation."

"§ 4091. All taxes assessed against any corporation, com- pany or association under this article, except banks and trust companies, shall be due and payable thirty days after notice of same has been given to said corporation, company or asso- ciation by the auditor; and every such corporation, company

or association failing to pay its taxes, after receiving thirty days' notice, shall be deemed delinquent, and a penalty of ten per cent on the amount of the tax shall attach, and thereafter such tax shall bear interest at the rate of ten per cent per annum; any such corporation, company or association failing to pay its taxes, penalty and interest, after becoming delinquent, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined fifty dollars for each day the same remains unpaid, to be recovered by indictment or civil action, of which the Franklin Circuit Court shall have jurisdiction."

The fourth article relates to the assessment and payment of taxes by railroads; the fifth to distilled spirits; the sixth, seventh, eighth and ninth articles to the board of supervisors and the collection of taxes and the revenue.

Articles 10 to 12 relate to license taxes, special taxes, privilege taxes and the like; and articles 13, 14 and 15 prescribe certain duties for designated officers touching the collection of the revenue. Article 15 provides for a state board of equalization to equalize the assessments returned to them from each county.

*Mr. Lawrence Maxwell, Jr.,* for appellant. *Mr. Clarence A. Seward, Mr. James C. Carter* and *Mr. Frank H. Platt* were on the brief.

*Mr. William J. Hendrick* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Section 4077 of the compilation of the Kentucky statutes of 1894 provides that each of the enumerated companies or corporations; "every other like company, corporation or association"; and also "every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its fran-

chise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised "; and in the succeeding sections the words " franchise," " franchises " and " corporate franchise " are used. But taking the whole act together, and in view of the provi- sions of sections 4078, 4079, 4080 and 4081, we agree with the Circuit Court that it is evident that the word " franchise " was not employed in a technical sense, and that the legisla- tive intention is plain that the entire property, tangible and intangible, of all foreign and domestic corporations, and all foreign and domestic companies possessing no franchise, should be valued as an entirety, the value of the tangible property be deducted, and the value of the intangible property thus ascer- tained be taxed under these provisions; and as to railroad, telegraph, telephone, express, sleeping car, etc., companies, whose lines extend beyond the limits of the State, that their intangible property should be assessed on the basis of the mileage of their lines within and without the State.

But from the valuation on the mileage basis the value of all tangible property is deducted before the taxation is applied.

So far as the commerce clause and the Fourteenth Amend- ment of the Federal Constitution are concerned, this scheme of taxation is not in contravention thereof, as already deter- mined in *Adams Express Co.* v. *Ohio State Auditor*, 165 U. S. 194, and cases cited.

And considered as a property tax, as in our opinion the prescribed exaction must be held to be, we regard it as in harmony with the provisions of the constitution of the Com- monwealth of Kentucky. The property, tangible and intan- gible, owned by corporations is subjected to like taxation, and so is the tangible and intangible property of individuals asso- ciated together in companies, and while the provisions of sec- tions 4077 and 4078 do not apply to all individual taxpayers, yet reference to section 4020 and the schedule which must be returned by each taxpayer, as required by section 4058, demonstrates that individual taxpayers are also subjected to taxation on all their intangible property, whatever that may be, as well as on all their tangible property. As pointed out by

the Circuit Court, the mode of the assessment of the intangible property of companies, corporations and associations mentioned in section 4077 and that of individual taxpayers is different, and the intangible property of such corporations, companies and associations may in some respects differ from the intangible property belonging to individual taxpayers, but there is nothing in the statute which exempts any intangible property owned by any corporation, company or individual taxpayer from taxation, or discriminates between them.

Section 174 of the constitution of Kentucky provides that " all property, whether owned by natural persons or corporations, shall be taxed in proportion to its value, unless exempted by this constitution; and all corporate property shall pay the same rate of taxation paid by individual property. Nothing in this constitution shall be construed to prevent the general assembly from providing for taxation based on income, licenses or franchises."

But this does not prevent intangible property from being taxed, and the tax mentioned in section 4077 is not an additional tax upon the same property, but on intangible property which has not been taxed as tangible property.

We concur with the views of the Circuit Court that neither section 172 of the constitution nor any other section confines " the levy of an *ad valorem* tax to tangible property; but, as decided by the Kentucky Court of Appeals in *Levi* v. *Louisville*, 30 S. W. Rep. 973, it does require the levy of an *ad valorem* tax upon personal property as well as upon real estate, and this case decides that a license tax which is not a property tax cannot be substituted for an *ad valorem* tax upon personal property engaged in certain commercial pursuits in the city of Louisville. It does not decide that section 171 of the constitution, which declares that taxation shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, applies to taxation based upon income, license or franchise. If there is any intimation upon the subject in this case, it is that taxation which is based upon income, license or franchise may be classified by the legislature; and as to licenses, they may be levied upon some

employments and occupations and not upon others. If, how-
ever, we are correct in our construction of the Kentucky
statutes, there is no ground for contending that there is a
want of uniformity in the levy of the taxes against the
defendant, even though section 171, requiring uniformity of
taxation upon all property subject to taxation, applies to
taxation based upon income, license or franchise, and is given
its broadest possible construction."

The act received consideration in *Henderson Bridge Co.* v.
*Commonwealth*, 31 S. W. Rep. 486, and the Court of Appeals
of Kentucky, speaking through Grace, J., said:

"Thus we see what a varied meaning this term 'capital
stock' may have. So that it becomes necessary to examine
and see what was the object and meaning of the legislature
when using this term in the clause before quoted from section
4079 of our statutes. In this examination it becomes im-
portant to notice those clauses of the constitution in reference
to revenue and taxation, and see what was contemplated and
enjoined by that instrument in reference to taxation. Section
172 provides: 'That all property not exempt from taxation,
by this constitution, shall be assessed at its fair cash value,
estimated at the price it would bring at a fair voluntary sale.'
. . . Section 174 provides: 'That all property, whether
owned by natural persons or by corporations, shall be taxed
in proportion to its value, unless exempted by this constitution,
and all corporate property shall pay the same rate of taxation
paid by individual property. Nothing in this constitution
shall be construed to prevent the General Assembly from pro-
viding for taxation, based on income, licenses or franchises.'

"Thus it is manifest that what the constitution intended to
be taxed was property, — all property ; and, as to corporations,
not only all tangible property, but that it intended to leave
the legislature of the State free to tax the franchises of corpo-
rations if it so desired ; that the property of a corporation
should be taxed as the property of an individual. It will be
observed that in these several sections quoted, 'capital stock,'
'stock' and 'shares of stock' are not mentioned as being
appropriate terms to designate the subjects of taxation, but

it says 'property,' 'all property,' etc., so that there might be no confusion as to what that instrument intended.    Neither is there any reason to suspect that the legislature did not understand the language and meaning of the constitution when it came to frame the revenue laws of the State under it now under consideration.    Neither is there reason to suspect that it did not intend and endeavor in good faith to carry into effect the intent and meaning of the constitution.    So that we may safely interpret all words and phrases (of doubtful and uncertain meaning) in accordance with and so as to effectuate and carry out that intent."

The statute thus construed cannot be overthrown for failure to conform to the requirements of sections 171, 172 and 174 of the state constitution.

*Decree affirmed.*

Mr. Justice White, with whom concurred Mr. Justice Field, Mr. Justice Harlan and Mr. Justice Brown, dissenting.

In its ultimate analysis the legal principles by which this case should, in our opinion, be controlled are those which were by us deemed decisive in *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 229.    It follows that the reasons for our dissent stated in that case are pertinent to this, and we reiterate them as expressing the grounds for our dissent from the conclusions reached by the court in this case.    The facts here, however, so pointedly exemplify the force of the reasons for our dissent in that case that we briefly state them.    The actual value of all the tangible property owned by the express company in Kentucky was $36,614.53.    This property was assessed by the local authorities for that amount and the taxes duly paid.    In addition, the value of the franchise was assessed at $1,463,040, a disproportion enormously in excess of the amount imposed by the State of Ohio, great as was that disproportion.    The operation of the tax is additionally illustrated by a further fact.    The tax imposed in Ohio and held to be valid in *Adams Express Co.* v. *Ohio,* considered with reference to the routes

travelled by the agents of the express company, was at the rate of $250 per mile, whilst in this case the tax levied is at the rate of $764 per mile.

Although the fundamental legal principles which, in our opinion, should have controlled *Adams Express Co.* v. *Ohio* are the same in this case, there are yet material differences between the Kentucky and the Ohio statutes, which we think should take this case out of the ruling in the former case, even conceding that case to have been correctly decided. The tax here levied is a franchise tax. This is fully demonstrated by the dissenting opinion in *Henderson Bridge Co.* v. *Kentucky,* this day decided, *ante,* 155. The levy here sought to be sustained, then, is a franchise tax, assessed on a joint stock company which has no franchise, for the bill alleges that the express company is a partnership and the demurrer concedes it. Under this state of law and fact, therefore, the effect of holding the tax now in question valid, is to decide that a franchise can be taxed, when there is no franchise on which to levy the tax. This can only be escaped by contending that the right of the express company to do interstate commerce business in Kentucky, resulted from the assent of the State, and therefore the doing of such business was equivalent to accepting a franchise from the State. But to announce this proposition would overthrow the settled rule so necessary for the perpetuity of our institutions and the free intercourse between the States, that the right to transact interstate commerce business by a person or corporation is protected by the Constitution of the United States, and does not depend upon the mere grace of one of the States of the Union.

In addition to the clear distinctions, already noted, between *Adams Express Co.* v. *Ohio* and this case, there are others resulting from the difference between the Ohio and the Kentucky statutes. The Ohio statute considered in *Adams Express Co.* v. *Ohio* purported only to tax the tangible property within the State, but empowered the assessing board to consider its value as augmented by the use to which such property might be put. In other words, the Ohio law, as construed by the Supreme Court of the State. taxed only tangible property

within the State enhanced in value by intangible elements outside the State. We considered, in dissenting in the Ohio case, that this was a mere disguise, a distinction without a difference, but the court held otherwise. In this case, by the law in question, the mask is thrown off, and what we conceive to be logically the thin disguise under which the courts of Ohio supported its statute is not asserted to exist, but the Kentucky statute, in unambiguous and unmistakable language, imposes the imperative duty upon the assessing board to assess property both in and out of the State. That is to say, it leaves nothing to implication or to evasion, but declares in plain English that property in and out of the State shall be assessed.