STATE EX REL. ATHEY, RELATOR, v. HAYS, SECRETARY
OF STATE, RESPONDENT.

(No. 2,113.)

(Submitted October 15, 1904.  Decided October 17, 1904.)

*Elections—Nominations — Mass Convention—Power of Committee.*

1.  A call for a mass convention of electors stated that the object was to or-
    ganize central committees opposed to corporate rule, and to give the voters
    of the state an opportunity to vote for men free from corporate control, and
    did not state that the convention was to assemble to nominate candidates
    for any office whatever. *Held* not a call of the electors of the state to
    assemble and select candidates for public office.
2.  Under Political Code, Section 1310, a mass convention of electors can make
    nominations of candidates for public office only where such convention was
    called for that purpose.
3.  If a mass convention of electors could not make nominations for public
    offices because the call of the convention did not set forth such purpose, a
    committee appointed by such convention could not make such nominations.
4.  Under Political Code, Section 1314, where the same committee appointed
    by a mass convention nominated two tickets, composed of different persons
    as candidates for the same offices, both tickets were void, and neither can
    appear on the official ballot.

ORIGINAL proceeding in the name of the state, on the relation
of John T. Athey, against George M. Hays, secretary of state,
for an injunction.  Judgment for relator.

*Mr. H. G. McIntire, Mr. H. N. Blake,* and *Mr. M. S. Gunn,*
for Relator.

*Mr. James Donovan, Attorney General, Mr. R. B. Smith,
Mr. A. I. Loeb,* and *Mr. J. M. Denny,* for Respondent.

HON. FRANK HENRY, Judge of the Sixth Judicial Dis-
trict, sitting in the place of the CHIEF JUSTICE, delivered the
opinion of the court.

This is an original proceeding in this court, instituted by
relator, to restrain the secretary of state from certifying to the
various county clerks of this state, as candidates of the Anti-

Trust Democratic party and of the Anti-Trust Republican party, the names of candidates for presidential electors, representative in congress, and the several state offices.

The complaint alleges, among other things, that relator is a citizen of the United States and of the state of Montana, an elector thereof, and the nominee of the Republican party for clerk of the supreme court; that there has been filed in the office of the secretary of state a paper purporting to be a certificate of nomination by a committee of the Anti-Trust Democratic party for presidential electors, representative in congress, and the several state offices, and also what purports to be a certificate of nomination by a committee of the Anti-Trust Republican party for presidential electors, representative in congress, and the several state offices; that such political parties had no existence prior to the 7th day of December, 1903, and had no power or authority to make such nominations; and relator therefore prays that the secretary of state be restrained and enjoined from certifying to the several county clerks the names of the candidates purported to have been nominated and selected by said committees.

The answer sets forth the fact that, pursuant to a call heretofore issued, a mass convention, composed of electors of the state, to the number of about 650, representing all the counties of the state, with one or two exceptions, assembled in the city of Helena on the 7th day of December, 1903. So far as the purposes of this mass meeting are disclosed by the call under which it assembled, they are: "To take steps to organize one or more state central committees opposed to corporate rule, and that will give to the voters of this state an opportunity to vote for men free from corporate control and dictation at our next state election." After the organization of the convention and the promulgation of a platform of principles, an executive committee of five was selected, whose power and authority is stated in the following resolution passed by said convention: "Be it resolved, that the executive committee be given full plenary powers to act for and on behalf of this convention to nominate

candidates for state offices at the next general election, in the names Anti-Trust Democratic party and Anti-Trust Republican party, to fill vacancies which might occur on the ticket of said parties, and to do everything that may become necessary to a proper furtherance of the cause." After the adjournment *sine die* of the meeting, the executive committee published two calls, one for each of the two said political parties, calling a convention for each to nominate candidates. Subsequently the committee revoked these calls. Thereafter, pursuant to the above resolution, said committee did cause to be filed in the office of the secretary of state certificates of nomination as heretofore stated, each of which said certificates recites the fact that, all of the members of said committee being present, the same were made by and through its chairman and secretary. The certificates differ only in the names of the candidates for presidential electors and representative in congress, the chairman and secretary, and the dates upon which said certificates purport to have been made.

The case was submitted upon relator's motion for judgment on the pleadings.

The first question that confronts us in the determination of this case is whether a new political party was organized on the 7th day of December, 1903, and, if so, did it then have the power or authority to nominate candidates for the various offices to be voted for on the 8th day of November next?

The call under which the mass convention assmbled does not specifically state that it is for the purpose of organizing a new political party or parties, but this might be inferred from the statement therein as to the purpose of the meeting. The call, however, does not state that the convention is to assemble for the purpose of nominating candidates for any offices whatever. Unquestionably, electors from the several counties of the state could assemble at a given place and organize a new political party; but, in order to have the ticket thus nominated printed at public expense upon the official ballot, certain formalities and

requirements are necessary to entitle the ticket to legal recognition. In the first place, to make party nominations, there must be a substantial representation of the people of the party. They must, first, have been informed of the purposes for which the meeting was called; and, second, must have been given an opportunity to participate in such a meeting, or it is not such a representative body as the law requires. (*State ex rel. Woody* v. *Rotwitt,* 18 Mont. 502, 46 Pac. 370; *State ex rel. Russel* v. *Tooker,* 18 Mont. 540, 46 Pac. 530, 34 L. R. A. 315; *State ex rel. Metcalf* v. *Johnson,* 18 Mont. 548, 46 S. W. 533, 34 L. R. A. 313; *State ex rel. Scharnikow* v. *Hogan,* 24 Mont. 383, 62 Pac. 583; *State ex rel. Hatch* v. *Smart,* 24 Mont. 413, 62 Pac. 591.)

Section 1310 of the Political Code is as follows: "Any convention or primary meeting held for the purpose of making nominations to public office, or the number of electors required in this chapter, may nominate candidates for public office to be filled by election in the state, and a convention or primary meeting within the meaning of this chapter is an organized assemblage of electors or delegates representing a political party or principle." This convention was not composed of electors or delegates of a political party, but electors advocating a principle, and assembled, we presume, for the purpose of organizing a party. Until there was an organization and an authoritative declaration of the principles of the assemblage, it could have no existence as a political party, and consequently could not make party nominations. If it was a mass convention of electors of the state, assembled for the purpose of nominating candidates for office, it could have done so, provided it was called together for that purpose, and was a representative body of the electors of the state advocating or representing a principle.

Waiving the question as to whether the mass convention held in Helena on the 7th day of December, 1903, was a representative body of the electors of the state, and therefore entitled to legal recognition, we are unable to construe the language of the

call for the mass convention into an invitation to the electors of the state to assemble and nominate candidates for public office. The action of the executive committee in calling nominating conventions clearly indicates that the committee at that time placed no such construction on the purposes of the convention, or the authority of the committee to make nominations. If the convention could not make nominations, it certainly could not delegate to a committee authority it did not possess.

Aside from this, there is an insuperable objection to the validity of the certificates. This convention, through its executive committee, assumes an anomalous position. It performed the marvelous feat of nominating two tickets, composed of different persons, as candidates for the same offices. By what piece of legerdemain the members of the convention expected to elect both tickets, we are unable to surmise. Such a proceeding is not only wrong, but illegal, and is within the inhibition of the provisions of Section 1314 of the Political Code, which is as follows: "No certificate of nomination must contain the name of more than one candidate for each office to be filled. No person must join in nominating more than one person for each office to be filled, and no person must accept a nomination to more than one office." This committee has assumed the authority to nominate different persons for presidential electors and representative in congress. This could not have been done by the convention, nor can it be done by the executive committee, and the names of such nominees are therefore not entitled to places on the official ballot.

For the foregoing reasons, we are of opinion that the facts stated in defendant's answer constitute no defense, and relator's motion for judgment on the pleadings is sustained.

Heretofore the decision of this court was announced, and an injunction as prayed for by relator issued.

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.