STATE EX REL. FOSTER ET AL., RELATORS, *v.* MOUNTJOY, SECRETARY OF STATE, RESPONDENT.

(No. 6,419.)

(Submitted October 10, 1928.   Decided October 11, 1928.)

[271 Pac. 446.]

*Mr. Harlow Pease,* for Relators, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for Respondent, submitted a brief; the latter argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Upon the duly verified application of certain electors of this state, an alternative writ of mandate was issued out of this court on October 5, 1928, returnable October 10, and directed to John W. Mountjoy, as secretary of state, which writ commanded the respondent to place the names of relators Stanley J. Clark, Petra Krohman, Mary F. Nolan and Emma Salisbury upon the official ballot for the coming general election as candidates of the Workers (Communist) party as presidential electors, and to certify such candidates to the several county clerks of the state, or to show cause why he should not do so. On the return day the respondent secretary, through the attorney general, moved to quash the writ, and the matter was duly submitted for final determination on the application of the relators and the motion to quash.

The undisputed facts are as follows: The Workers (Communist) party existed as an organized political party in this state in the year 1924, as it then had candidates for presidential electors on the official ballot, who received votes in the general election, but the total number of votes cast for such electors did not constitute three per cent of the vote cast for representative in Congress at that election. In the year 1926 the party in question nominated no persons for public office and had no column on the official ballot; it did not organize and did not elect county or precinct committeemen, so that in the year 1928 it had no organization in the state, and no state committeemen or state chairman, and no machinery by which it could function prior to July, 1928.

On July 26, 1928, relator Stanley J. Clark, as acting secretary of such party, issued and caused to be published in the "Great Falls Labor Topics," a weekly newspaper, on that date

and again on August 2, 1928, a call for a "mass convention," which reads as follows:

"In order to nominate presidential electors, state, county and national officers, a mass convention is hereby called of the Workers' (Communist) party to meet in the city of Great Falls, Montana, Monday afternoon, August 6, 1928, at 2:30 o'clock in Carpenters' Hall. In addition to the naming of candidates, the convention will transact such other business as properly comes before such body. All liberal and progressive groups are invited to attend this convention. At 8:30 on the same evening of the convention a political rally of the workers will be held and the nominees of the convention will address the gathering.

"STANLEY J. CLARK, Acting Secretary."

The "call" was prominently displayed in "large print" in the two issues of the newspaper, which has a general circulation in the state and is mailed weekly to every known member of the "Workers' party" in the state and to laborers generally.

Pursuant to the call the convention was held at the time and place specified, and was attended by persons from various parts of the state. Those present organized as the party in question in this state, elected a presiding officer and secretary, and proceeded to nominate the above-named presidential electors of the party, which nominations were duly certified in writing by the presiding officer and secretary of the convention, as provided by law, to the respondent, and the certificates were duly presented to and received by the respondent at the office of the secretary of state. The respondent refused to place the names of the candidates thus nominated upon the official ballot or to certify them to the several county clerks, and will continue so to do unless commanded by this court to act in the premises. The application alleges that such refusal is in violation of the official duty of the secretary of state, and that relators have no plain, speedy, or adequate remedy at law, nor any remedy at law whatever.

1. In support of the motion to quash the attorney general contends that, as the relators show that the Workers party nominated candidates in 1924, and again in 1928, it was at all times since 1924 a "political party," within the meaning of Chapter 126 of the Laws of 1927, and could only nominate presidential electors in the manner prescribed by that Act.

Section 1 of the Act declares that "the term 'political party' as used in this Act shall include any party conducted for political purposes, which now has or hereafter shall perfect a national organization." Section 2 provides that "all political parties in Montana shall hereafter nominate their presidential electors * * * in the manner provided by this Act." The Act then provides for a county convention to be held on the second Tuesday in May preceding a presidential election, "composed of the county precinct committeemen of the party," on call of the chairman of the county central committee, and, in the event there are no county central committeemen in any county in the state, such committee shall be appointed by the state central committee. No person other than duly elected or appointed committeemen shall be entitled to or sit or participate in such convention. This convention is empowered to elect delegates to a state convention, which shall be held on the third Tuesday in May and shall nominate presidential electors. The Act requires the state convention to be called by the chairman of the state central committee.

By the provisions of section 632, Revised Codes of 1921, as amended by Chapter 118, Laws of 1925, the election of county central committeemen must occur on the ninety-first day preceding any general election. The committeemen of a party entitled to seats in their county convention in May, 1928, would, therefore, be those elected in 1926, and it is manifest that a party which did not function in 1926 would be absolutely incapable of complying with the provisions of Chapter 126 of the Laws of 1927 in the month of May, 1928.

The application alleges that "compliance was impossible," and this allegation is, of course, admitted as true by the mo-

tion to quash; how, then, could the Workers party, desiring to enter the state of Montana, nominate presidential electors?

It is true that Chapter 126 above makes no exception as to ▮ the manner in which a "political party," as defined therein, shall nominate its presidential electors. In order to bring this party within the definition, the attorney general asserts that this court should take judicial notice that the Workers party had "a national organization" prior to the primary election this spring; this we cannot do, as section 10532, Revised Codes 1921, enumerates those matters of which the courts may take such notice, and this enumeration cannot be enlarged or diminished by judicial construction. (*Masich* v. *American Smelting & Ref. Co.*, 44 Mont. 36, 118 Pac. 764.)

In 1920 the Socialist party was denied a place on the ballot because that party "was organized and in existence at the time the primary election was held on April 23, 1920" (*State ex rel. Williams* v. *Stewart*, 58 Mont. 708, 198 Pac. 1118); but this finding was made on recitals contained in the petition, while we here have no fact recitals on which we can make such a finding.

In 1922 the Socialist party again nominated candidates by the convention system, and an elector of the state sought to restrain the secretary of state from placing the names of its nominees on the ballot; but this court deemed the showing that the party was excluded from the ballot in 1920 evidence that the party did not exist in this state prior to the primary election in the spring of 1922 and denied the writ. (*State ex rel. Mills* v. *Stewart*, 64 Mont. 453, 210 Pac. 465.) Therein it is said: "The right to reorganize an old political party, or to organize a new one, is inherent in the electors. The law not providing a method for the reorganization of an old or the organization of a new political party within the state, the court must look to general party customs and usages and the rules and methods of procedure of the political organization itself."

We do not deem it necessary, however, to here determine whether, under the law as it existed at the time the case of *State ex rel. Williams* v. *Stewart*, above, was decided, the Workers party of to-day shall be considered as the reorganization of an old party, or whether it was a party in existence prior to the primary election in 1928, as, in addition to Chapter 126, Laws of 1927, above, the legislature of the state had spoken further on the subject since the *Williams Case* was decided.

2. The same legislative body which enacted Chapter 126, ▮▮▮▮ above, enacted Chapter 7, Laws of 1927, which provides the method to be adopted by "every political party which has cast three per centum (3%) or more of the total vote cast for representative in Congress at the next preceding general election" for the nomination of candidates "for public office," and prohibits such parties from nominating candidates under the provisions of section 612 of the Revised Codes of 1921; but the Act provides that "any political party that did not cast three per centum ·(3%) or more of the total vote cast for representative in Congress, as above, and any new political party about to be formed or organized, may make nominations for public office as provided in section 612," etc.

The attorney general urges that Chapter 7 has no application to nominations for presidential electors, as they are not nominations for public office; but this court has declared contrary to that position in *State ex rel. Wheeler* v. *Stewart*, 71 Mont. 358, 230 Pac. 366, wherein the attorney general contended that section 615 of the Revised Codes of 1921 did not apply, as he now contends that Chapter 7 above does not apply. In declaring that the position taken was not tenable, the court there held that candidates for presidential elector were candidates "for public office," citing *State ex rel. Richardson* v. *Stewart*, 58 Mont. 707, 198 Pac. 1118, and section 10775, Revised Codes of 1921, which declares that the term "public office" applies to the office of presidential elector.

The provisions of Chapters 7 and 126 of the Laws of 1927 ▉ are no more in conflict than were the provisions of the primary election law and the provisions now found in section 612, Revised Codes 1921, prior to the enactment of these later provisions. They must be harmonized and read together. It cannot be presumed that the legislature, after enacting Chapter 7, intended to limit its scope by implication and without reference to it in Chapter 126, enacted thereafter at the same session of that body.

It is therefore apparent that, even if it appeared that the Workers (Communist) party was in existence prior to the spring primary in 1928, it is entitled to a place on the ballot on the ground that it did not cast three per centum of the vote for representative in Congress in the last general election (whether that election be declared the election of 1924 or the election of 1926).

3. The attorney general, however, contends that the call ▉ under which the convention nominating the candidates certified was not sufficient for the organization of the party, and for this reason the action of the secretary of state was proper. In support of this contention the attorney general cites *State ex rel. Metcalf* v. *Johnson*, 18 Mont. 548, 34 L. R. A. 313, 46 Pac. 533, and *State ex rel. Athey* v. *Hays*, 31 Mont. 233, 78 Pac. 486.

In the first case the alleged nominees were denied a place on the ballot because it appeared that the so-called convention making the nominations was composed of a small body of persons assembled on invitation and without call for a convention, and therein the court declared that a convention, within the meaning of our Codes, is "an organized assemblage of electors or delegates representing a political party or principle," and that convention representation implies a gathering springing from the electors who compose a political party or adhere to a political principle, and it was held that, in order to organize such a convention, notice must be given or published throughout the state or county of the gathering

of such party. In the *Athey Case*, the call under consideration did not state that the purpose of the proposed convention was to nominate candidates, and therefore fell short of compliance with the law.

Here, it is made to appear that the call was published in such manner as to reach all known members of the Workers' party in the state, as well as workers generally throughout the state, and not only called upon the members of that party to attend, but invited the attendance of "all liberal and progressive groups." It recited specifically the purpose of nominating candidates. The call was sufficient and the convention was such as is defined in section 612, and in the *Metcalf Case* above.

Respondent's motion to quash is overruled. Let the writ issue forthwith as prayed for.

*Writ issued.*

ASSOCIATE JUSTICES STARK and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.