WESTERN UNION TELEGRAPH CO., Appellant, *v.*
STATE BOARD OF EQUALIZATION, Respondent.

(No. 6,851.)

(Submitted December 8, 1931. Decided January 22, 1932.)

[7 Pac. (2d) 551.]

*Messrs. Stewart & Brown,* for Appellant, submitted an original and a supplemental brief; *Mr. John G. Brown* argued the cause orally.

312

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondent, submitted an original and a reply brief; *Mr. Ketter* argued the cause orally.

316

318

MR. JUSTICE FORD delivered the opinion of the court.

This action was submitted to the lower court upon an agreed statement of facts, from which it appears that plaintiff is a New York corporation doing business in this state, and owning telegraph lines and other property of a single and continuous character operated in more than one county in the state. It is engaged in the business of accepting and transmitting telegraphic messages in this state, other states of the United States, and foreign countries. In addition to its land lines in the United States, it owns and operates submarine cables for the transmission of telegraphic messages from points on its land lines in this and other states to points in foreign countries. The ocean cable construction and the operation thereof are entirely unlike land line physical property and operations, and the cables are not connected physically with the land lines of plaintiff. Telegraphic and cable messages to and from land line points in Montana and the United States are transmitted over its lines and transferred manually by an employee or agent of plaintiff from the land lines to the cables at their termini in the United States. For the services rendered plaintiff receives payment from its customers upon messages transmitted from points in this state to the addresses in foreign countries for messages transmitted in part over its land lines and in part over its ocean cables.

In the year 1929, plaintiff made return to the state board of equalization disclosing all of its property, indebtedness, stock

issues, expenses, mileages of wire, and valuation of stocks, bonds, and other property as required to be furnished for taxing purposes. Plaintiff, in arriving at the value of its property subject to taxation in this state, excluded from consideration the ocean cables owned by it. The value of the property in the state, as determined by it, was $1,060,120.

The state board of equalization, in arriving at the value of the property of plaintiff subject to taxation in the state, took that portion of the total valuation of the entire system of plaintiff wherever situated, including 37,563 miles of submarine cables lying and being in the oceans of the world, that the total mileage of telegraph wires within the state bears to the total wire mileage of plaintiff's entire telegraph system, including the mileage of submarine cables, and fixed the value of the property within the state at $1,246,150.

It is agreed that, if the valuation of the ocean cables be not included in determining the valuation of plaintiff's entire plant or system for the purpose of arriving at the value of its property in the state, the total valuation of the property in the state is as returned by it, but, if the ocean cables shall be included, the valuation of its property is as determined by the state board.

From a judgment for defendant plaintiff appeals.

The questions presented for determination, as stated in the agreed statement of facts, are: ''1 (a) In arriving at the total value of the entire plant or system of the plaintiff company, may the defendant board include the valuation of plaintiff's submarine or ocean cables; (b) if the foregoing is answered in the affirmative, may the board then take that portion of such total value that the total wire mileage within this state bears to the total wire mileage of plaintiff's system, wherever it is situated, including the mileage of ocean cables. 2. Whether or not the including of such ocean cables by the defendant in arriving at the value of plaintiff's property in Montana does not do violence to (a) section 11 of Article XII of the Constitution of the state of Montana, (b) section 17 of Article XII of the Constitution of the state of Montana, (c) section 27 of

Article III of the Constitution of the state of Montana: and 3. Whether or not an assessment under the laws of the state of Montana or rules and orders of the defendant herein, in thus including the value of plaintiff's ocean cables in arriving at the value of plaintiff's property in Montana does not deny it those guaranties contained in section 1 of the Fourteenth Amendment to the Constitution of the United States of America?''

It is contended by plaintiff that the assessment made by the ██ ██ board results in the taxation of a separate and distinct unit of property located outside the territorial limits of the state and not connected with or operated in physical or manual connection with any property within the state; in other words, that the assessment made by the board amounts to the taxation of property, i. e., cable lines, not situated within the state.

Section 2143, Revised Codes 1921, provides that the value for taxation of the property and plant of each telegraph, telephone, electric power, and transmission line and other properties to be assessed by the state board of equalization ''shall be that portion of the total value of the entire plant and property, wherever situated, that the total mileage within this state bears to the total mileage wherever situated, after deducting from such portion the total assessed value of all property which has been assessed for taxation in this state by the county assessors of the several counties of this state.''

The agreed statement shows that plaintiff will accept a message at any of its stations in Montana to be transmitted to foreign countries over ocean cables owned and operated by it; that it has published rates covering such service effective in Montana; that telegraph and cable messages from land lines in Montana are transmitted over its land lines, and are transferred manually by its employees to cable lines, or from cable to land lines at the cable terminus. For such services plaintiff receives payment from its customers upon messages transmitted from Montana points to foreign countries over its land lines and ocean cables.

The agreed statement shows that the cable lines are owned and operated by plaintiff in connection with its land lines, and, in our opinion, they constitute a part of its entire system. The whole transaction from the acceptance of messages in Montana to and including the transmission thereof over its cables is a single and continuous transaction of plaintiff in the conduct of its general business, and the fact that there is no physical connection between the land lines and the ocean cables is of no consequence.

The unity of tangible property such as will support the application of the unit method of assessment is not dependent upon physical connection of the separate pieces of property composing the unit. "Doubtless there is a distinction between the property of railroad and telegraph companies and that of express companies. The physical unity existing in the former is lacking in the latter; but there is the same unity in the use of the entire property for the specific purpose, and there are the same elements of value arising from such use. The cars of the Pullman Company did not constitute a physical unity, and their value as separate cars did not bear a direct relation to the valuation which was sustained in that case. [*Pullman Palace Car Co.* v. *Pennsylvania, infra.*] The cars were moved by railway carriers under contract, and the taxation of the corporation in Pennsylvania was sustained on the theory that the whole property of the company might be regarded as a unit plant, with a unit value, a proportionate part of which value might be reached by the state authorities on the basis indicated. * * * The unit is a unit of use and management. * * * We repeat that, while the unity which exists may not be a physical unity, it is something more than a mere unity of ownership. It is a unity of use, not simply for the convenience or pecuniary profit of the owner, but existing in the very necessities of the case,—resulting from the very nature of the business." (*Adams Express Co.* v. *Ohio State Auditor,* 165 U. S. 194, 41 L. Ed. 683, 17 Sup. Ct. Rep. 305, 309. See, also, *Pullman Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18, 35 L. Ed. 613, 11 Sup. Ct. Rep. 876; *American Refrigerator*

*Transit Co.* v. *Hall,* 174 U. S. 70, 43 L. Ed. 899, 19 Sup. Ct. Rep. 599; *Union Refrigerator Transit Co.* v. *Lynch,* 177 U. S. 149, 44 L. Ed. 708, 20 Sup. Ct. Rep. 631; *Union Tank Line* v. *Wright,* 249 U. S. 275, 63 L. Ed. 602, 39 Sup. Ct. Rep. 276; *San Francisco-Oakland Terminal Rys.* v. *Johnson,* 210 Cal. 138, 291 Pac. 197.)

In the case of *Western Union Tel. Co.* v. *Taggart,* 163 U. S. 1, 41 L. Ed. 49, 16 Sup. Ct. Rep. 1054, the statement of facts shows that the state of Indiana, in arriving at the value of that part of plaintiff's telegraph lines situated in that state, took into consideration the value of all of plaintiff's property, including ocean cables, treating the property as a unit. The valuation was upheld. (See, also, *Western Union Tel. Co.* v. *Massachusetts,* 125 U. S. 530, 31 L. Ed. 790, 8 Sup. Ct. Rep. 961.)

In *People ex rel. Mexican Tel. Co.* v. *State Tax Com.,* 219 App. Div. 401, 220 N. Y. Supp. 8, the state of New York, in valuing that part of the company's cable extending from the mainland to the three-mile limit, took into consideration the value of the cable as a whole, together with the value of telegraph lines having no direct connection with the cable line. The assessment was held valid.

The authorities are in accord that in arriving at the value of property in a state such as telegraph lines, railroads, etc., there may be taken into consideration any value which that property has that is attributable to the fact that it is used in connection with and as a part of an entire plant or system operated both within and without the state, and that, in arriving at the value of the property within the state, the assessing officers may take into consideration the value of the entire plant or system, and fix the value of that portion of the property which is situated in the state at that part of the total value of the entire plant or system that the mileage or trackage in the state bears to the whole mileage or trackage, both within and without the state. (*Baker* v. *Druesedow,* 263 U. S. 137, 68 L. Ed. 212, 44 Sup. Ct. Rep. 40; *Adams Express Co.* v. *Kentucky,* 166 U. S. 171, 41 L. Ed. 960,

17 Sup. Ct. Rep. 527; *Adams Express Co.* v. *Ohio State Auditor,* 165 U. S. 194, 41 L. Ed. 683, 17 Sup. Ct. Rep. 305; *Western Union Tel. Co.* v. *Taggart,* 163 U. S. 1, 41 L. Ed. 49, 16 Sup. Ct. Rep. 1054; *Columbus Southern Ry. Co.* v. *Wright,* 151 U. S. 470, 38 L. Ed. 238, 14 Sup. Ct. Rep. 396; *In re Assessment of Western Union Tel. Co.,* 35 Okl. 626, 130 Pac. 565; *Western Union Tel. Co.* v. *Dodge County,* 80 Neb. 18, 113 N. W. 805; *State* v. *State Board of Equalization,* 56 Mont. 413, 185 Pac. 708, 713, 186 Pac. 697.)

In the case last cited, this court, in construing section 6, Chapter 49, Laws of 1919, now section 2143, supra, held that the method of valuation for taxing purposes provided by that act "does not establish an arbitrary rule of assessment, but only requires that the total value of the plant and property, wherever situated, shall be taken into consideration in determining the actual cash value for taxation of that portion of the plant and property situated within this state."

There is here no attempt to tax property having a situs outside this state. The value of such property as constitutes the plant or system is considered only for the purpose of determining the just value for taxation of that part within the state. The true and actual value of plaintiff's property is something more than an aggregation of the values of separate parts of it, operated separately, "it is the aggregate of those values, plus that arising from a connected operation of the whole; and each part contributes, not merely the value arising from its independent operation, but its mileage proportion of that flowing from a continuous and connected operation of the whole." (*Western Union Tel. Co.* v. *Taggart,* supra; *Pittsburgh etc. Ry. Co.* v. *Backus,* 154 U. S. 421, 38 L. Ed. 1031, 14 Sup. Ct. Rep. 1114, 1117.)

In the case last cited it was contended, as here, that by the unit method of valuation for taxing purposes property beyond the territorial limits of the state is taxed, but the court held: "We do not think that the matters referred to justify any such imputation. It is not to be assumed that a state contemplates the taxation of any property outside its territorial

limits, or that its statutes are intended to operate otherwise than upon persons and property within the state. * * * It is obvious that the intent of this Act was simply to reach the property of the railroad within the state."

In *Wallace* v. *Hines,* 253 U. S. 66, 64 L. Ed. 782, 40 Sup. Ct. Rep. 435, 436, the court said: "The only reason for allowing a state to look beyond its borders when it taxes the property of foreign corporations is that it may get the true value of the things within it, when they are part of an organic system of wide extent, that gives them a value above what they otherwise would possess."

The fact that the unit rule of valuation was employed by defendant as commanded by section 2143 did not amount to taxing the ocean cables themselves. It is merely the means of arriving at the value of that part of plaintiff's property situated within the state.

The contention that section 2143, supra, violates section 27 of Article III of the state Constitution and section 1 of the Fourteenth Amendment to the federal Constitution, is wholly without merit. It is now settled by a long line of decisions that the due process clause does not prevent a state from ascertaining the value of railroads, telegraph, and telephone companies, substantially in the manner prescribed by section 2143, and that the equal protection clause is not violated by prescribing a different rule of taxation for such companies than for concerns engaged in other lines of business. (*Baker* v. *Druesdow,* supra; *Adams Express Co.* v. *Kentucky,* supra; *Adams Express Co.* v. *Ohio State Auditor,* supra; *Western Union Tel. Co.* v. *Taggart,* supra; *Kentucky R. Tax Cases,* 115 U. S. 321, 29 L. Ed. 414, 6 Sup. Ct. Rep. 57.)

But we are asked to take judicial notice of the difference of costs between ocean cables and land lines, counsel for plaintiff asserting that "the cost of an ocean cable is about eight times that of land lines." This we cannot do. Matters of which courts may take judicial notice are enumerated in section 10532, Revised Codes 1921, which establishes the law of this state respecting that subject. Further than this we

cannot go. (*State ex rel. Foster* v. *Mountjoy*, 83 Mont. 162, 271 Pac. 446; *Masich* v. *American S. & R. Co.*, 44 Mont. 36, 118 Pac. 764; *McKnight* v. *Oregon Short Line R. Co.*, 33 Mont. 40, 82 Pac. 661.)

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.