## J. BACON & SONS *v.* MARTIN.

No. 203.   Argued December 15, 1938.—Decided January 3, 1939.

*Mr. Charles I. Dawson* for appellant.

*Messrs. Hubert Meredith,* Attorney General of Kentucky, and *M. B. Holifield,* Assistant Attorney General, were on a brief for appellee.

Per Curiam.

Plaintiff sought judgment declaring invalid a statute imposing a tax on "the receipt of cosmetics in the State by any Kentucky retailer,"[1] as applied to articles purchased from manufacturers and dealers in other States and transported to plaintiff at its place of business in Kentucky.   Plaintiff contended that the tax was on "the act of receiving" and hence was a direct burden upon interstate commerce.   The Court of Appeals of Kentucky thus construed the statute:

"The word 'receipt' is not used in a limited sense, but in the sense that it has already been received by the retailer and is now in his use. . . .   That word 'receipt' pre-

---

[1] Subsection (f) of § 2 of Chapter 3 of the 1936 Special Budget and Special Revenue Session of the Legislature of Kentucky.   Carroll's Kentucky Statutes, Baldwin's 1936 Revision, §§ 4281d–1 to 4281d–25.

supposes that the cosmetics were now in use and after the sale had been consummated.

" . . . It, therefore, follows that the imposition of the tax against the retailer is not on the act of receiving the cosmetics, but on the sale and use thereof, after the retailer has received them, that constitutes the excise tax. When we apply the intended and correct meaning of the word 'receipt' as used in the act, it is conclusive to our minds that the tax of the retailer, referred to, is paid when the articles are in his possession and when the merchant has unlimited control and dominion over the cosmetics." *Martin* v. *J. Bacon & Sons*, 268 Ky. 612, 618, 619; 105 S. W. 2d 569, 572.

Adhering to that construction, the state court affirmed the present judgment sustaining the tax. 273 Ky. 389; 116 S. W. 2d 963. The plaintiff appeals.

The construction of the statute by the state court is binding upon us. *Supreme Lodge, Knights of Pythias* v. *Meyer*, 265 U. S. 30, 32, 33; *Hicklin* v. *Coney*, 290 U. S. 169, 172; *Hartford Accident & Indemnity Co.* v. *Nelson Manufacturing Co.*, 291 U. S. 352, 358. And in the light of its construction the state court applied the principles declared in our decisions. *Monamotor Oil Co.* v. *Johnson*, 292 U. S. 86, 93; *Gregg Dyeing Co.* v. *Query*, 286 U. S. 472, 478, 479; *Nashville, C. & St. L. Ry. Co.* v. *Wallace*, 288 U. S. 249, 265, 266; *Edelman* v. *Boeing Air Transport, Inc.*, 289 U. S. 249, 252.

The appeal is dismissed for the want of a substantial federal question.

*Dismissed.*