193 So. 116

**BOARD OF COSMETOLOGICAL EXAMINERS OF JEFFERSON COUNTY et al. v. GIBBONS.**

**6 Div. 518.**

Supreme Court of Alabama.

Jan. 11, 1940.

Mead & Moebes, of Birmingham, for appellee.

Wm. B. McCollough, of Birmingham, for appellants.

614

BOULDIN, Justice.

The question for review on this appeal is whether the business of appellee is the practice of Cosmetology within the meaning of the Cosmetology Act applicable to Jefferson County, as amended by Gen. Acts 1936–37, Sp.Sess., p. 249.

The agreed facts, disclosed by the petition and admitted by the answer, are, in substance, these:

Petitioner has arranged for the exclusive sale of a standard line of cosmetics and toilet articles in Birmingham. She purchases at wholesale prices fixed by the manufacturer, and sells to the public at regular retail list prices. She has leased a place of business, and expended some $600 in the purchase of merchandise and equipment of her place of business. Her business is alleged to be the regular sale at retail of the named line of cosmetics, a nationally known, wholesome and harmless line of merchandise, at her established place of business. We quote the following:

"Your petitioner will employ as many lady attendants as may be necessary, probably 2 or 3, in operating her place of business in the said sale of her merchandise. Her said employees will work on a commission basis, receiving a percentage of the sale price of each article of merchandise which said employees sell to customers. Neither your petitioner nor any of her said employees will receive any compensation or any profit out of said business except from the actual sale of said merchandise. The fixtures in your petitioner's place of business will be substantially the same as in all other retail establishments where merchandise of this nature is sold. She will have show cases and display counters. She does not have and will not have in her place of business, any equipment which is usually found in a beauty shop, or where beauty service is rendered or beauty culture is practiced.

"For the purpose of demonstrating your petitioner's merchandise to her customers your petitioner gives free demonstrations of certain of the products which she sells. This demonstration is given absolutely without any charge to the customer or any one else and without any remuneration being received for it by petitioner, her employees, or any one else, and it consists of the following things and none other: A cold cream is applied to the customer's face without massaging and this is promptly removed. A liquid skin stimulator is then applied to the customer's face with a small soft brush and allowed to remain on the skin some 2 or 3 minutes and is then removed with cold water. A powder base is then applied, then powder, rouge, eyeshadow on the eyelids, hand lotion, mascara on the eyelashes and lipstick on the lips.

\*   \*   \*   \*   \*   \*

"The demonstration is without obligation on the customer's part whatsoever, and the only profit made by your petitioner or petitioner's employees is in the actual sale of any merchandise that the customer may desire. After thus being shown the merchandise the customer may or may not make a purchase. In giving this free demonstration of said merchandise no equipment is used except an ordinary straight chair and a mirror.

\*   \*   \*   \*   \*   \*

"Your petitioner avers that her business is that of a retail mercantile establishment, selling said cosmetics and toilet articles, and the said free demonstration is merely incidental to her said business and is for the purpose of showing to her customers the merits of said products and the appearance that they give to the person when applied. Your petitioner does not advertise or hold herself out in her business as being a beauty culturist or as giving any sort of beauty treatments or services. Your petitioner avers that beauty shops or places where beauty services are sold are equipped with electrical appliances and other necessary apparatus in giving the beauty treatments and beauty services. Your petitioner avers that her business is not of the nature and type of a business where cosmetology is practiced or beauty services are rendered for a reward. Your petitioner states that the said respondents contend that in giving of said demonstration, your petitioner is giving

what is known in a beauty shop as a facial. Petitioner states that where a person gets a facial in a beauty shop, it is a skin treatment. In giving a facial treatment they treat the face and neck with hot towels and massage the skin with the hands or with electrical vibrators or other appliances that they have for that purpose. Considerable time is required in giving this massage and treatment and the beauty shops have regular equipment and appliances for rendering such services. The beauty shops in giving a facial treatment apply cold cream to the face, but as a treatment it requires that the cold cream be allowed to stay on the face about 15 minutes, and a stimulator liquid is applied to the face to stimulate the skin and this as a part of a treatment is allowed to remain on the fact [face] about 20 minutes.

"When a customer goes into a beauty shop and requests a facial, the above is substantially what she receives and she pays for the services. When a customer comes into your petitioner's place of business, she is only shown the way in which the petitioner's cosmetics are applied and how they appear on the face. No massaging of the skin is done at all in petitioner's demonstration, nor is the cold cream or skin liquid stimulator allowed to remain on the face more than 3 or 4 minutes. The demonstration which petitioner gives of her products will be given in a room apart from where petitioner will maintain her stock of goods, also receive the public, have her fixtures and sell her merchandise. Upon entering petitioner's place of business there will be no equipment, fixtures, appliances or other things that would suggest to a person that it is a beauty shop or place where beauty services are rendered."

Section II of the Cosmetology Act reads: "*Practice Defined.* Any of the following practices when compensation is received therefor, for the interpretation of this Act shall be deemed to constitute the practice of Cosmetology and are divided into groups as follows: (A) Arranging, dressing, curling, waving, cleaning, cutting, singeing, bleaching, coloring, or similar work upon the hair of a female person by any means: (B) By the use of cosmetic preparations, antiseptics, tonics, lotions or creams, massaging, cleansing, stimulating, maniuplating, exercising, beautifying or similar work on the scalp, neck, face, arms, bust, or upper parts of the body; (C) With the hands or mechanical or electrical apparatus or appliances, placing permanent curls or waves in the hair; (D) Manicuring the nails of a female person."

The Act creates a Board of Cosmetological Examiners, empowered to license schools of Cosmetology, to conduct examinations of applicants for license to engage in any or all the branches of Cosmetology defined in A to D of Section II; and issue licenses to practice to those passing satisfactory examination.

Section VIII provides: "In no case shall an examination be given a student by the Board of Cosmetological Examiners before he or she shall have completed a term of training of not less than six (6) months actual attendance at such school for a training course comprising all or any one of the practices of Cosmetology as provided in Section II of this Act, and such training shall include practical demonstrations, and theoretical studies in sanitation, sterilization, and the use of antiseptics, and other requirements applicable to Cosmetology or any practice thereof as provided in this Act."

It is made unlawful to practice without a license, the certificate of qualification. The operator of a beauty shop, and employees therein are subject to these requirements.

Appellants insist that appellee and her employees are within the spirit and purpose of the Act; specifically are engaged or propose to engage in the branch of Cosmetology defined in Section II. (B).

The constitutionality of this Act was considered and sustained in State ex rel. Dally v. Woodall et al., 225 Ala. 178, 142 So. 838.

This ruling is not questioned on this appeal. The basic principles upon which such regulatory statutes rest were there reviewed with full citation of authorities.

We are now concerned with the proper construction of the statute as applied to the case in hand.

■ This construction must needs accord to the legislative mind the intent to conform to those principles upon which governmental regulations of private business must rest.

■ The right to follow any of the common and ordinary occupations of life

is an inalienable right, one of the rights of the individual to life, liberty and the pursuit of happiness to conserve which government exists.

■ But every business is subject to reasonable regulation under the police power.

· For example, any and every place of business, where the public, or some portion of the public is invited, is subject to sanitary and safety regulations for the protection of the public health and safety.

The Act before us does not rest upon this broad ground. It proceeds upon the assumption that beauty culture, through beauty treatment as given in the modern beauty parlor in the County of Jefferson, should be declared by law a profession, or specialty, requiring scientific and practical schooling. The license is upon examination and certificate of qualification after such schooling for a specified time.

In State v. Woodall, supra, this legislation is sustained in the interest of public health and welfare upon like principles as barber shop statutes, sustained in several states. Cooper v. Rollins, 152 Ga. 588, 110 S.E. 726, 20 A.L.R. 1105, 1108; Moler v. Whisman, 243 Mo. 571, 147 S.W. 985, 40 L.R.A.,N.S., 629, Ann.Cas.1913D, 392, with accompanying note.

■ It is not questioned that the sale of cosmetic preparations at retail is a legitimate private business. While subject to appropriate regulation as any other private business, regulations looking to a professional license upon a certificate of qualification obtainable only after a course of study and practical experience present a different question.

For example, sanitary regulations of a retail grocery store, for the protection of the public health, do not, and probably could not, take the form of a license of clerks upon certificates of qualification after a course of study, etc.

We come, then, to the inquiry whether the demonstrations in the promotion of the retail mercantile business of appellee is a legitimate method of advertising her line of cosmetics, or is the practice of Cosmetology within the meaning of the Act?

Plainly enough, taken technically and literally, these demonstrations in some measure involve the use of cosmetic preparations in the manner specified in Section II (B).

■ If in fact the practice of Cosmetology within the spirit and purpose of the Act, the mere fact these demonstrations are free, would not shield the practitioner, if such practice was in connection with another business, compensation or profit being derived from the entire enterprise.

■ But demonstrations, not carried to the point of a beauty treatment, commonly known as a "facial" conducted with none of the equipment of the beauty parlor, nor held out as such treatment, solely to the promotion of sales, for which purpose such demonstrations are admittedly helpful, a natural incident to the business, should not be held an evasion of the statute.

Ordinary means of advertising and promoting a legitimate business are not to be treated within the Act unless clearly within its spirit and purpose. We are not now dealing with the constitutional validity of regulations thus restricting the conduct of a lawful business.

It is to be observed this statute does not deal with the manufacture of cosmetics to be put on the market. Some regulation on this line appears in a late Act of Congress, 21 U.S.C.A. § 361 et seq.

Standard cosmetics are sold as other merchandise to be applied by the customer in her own way.

These sales demonstrations enable the customer to determine what she wants to buy, and maybe aid in their application with best effect.

We concur in the finding of the trial court that appellee is not subject to the licensing provisions of the Cosmetology Act.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, J., concur.