## In re GENERAL MERCHANDISE CORPORATION OF AMERICA.

### No. 20802.

District Court, E. D. Pennsylvania.

April 24, 1940.

Abraham L. Shapiro, Asst. City Sol., and Francis F. Burch, City Sol., both of Philadelphia, Pa., for petitioner City of Philadelphia.

MacCoy, Brittain, Evans & Lewis and Walter C. Janney, Jr., all of Philadelphia, Pa., for respondent Provident Title Co., landlord.

BARD, District Judge.

This matter comes before the court on a certificate for review of an order of a referee in bankruptcy. The referee denied priority to a claim for sales tax filed by the City of Philadelphia against the bankrupt's estate.

The question for decision is whether the city is entitled to priority of payment out of a bankrupt's estate for taxes laid by a city ordinance upon sales of goods for consumption where the bankrupt is the vendor whose duty it was to collect the tax from the purchaser, but which tax the vendor had not paid over to the city prior to being adjudicated a bankrupt on February 27, 1939.

Beginning February 8, 1938, and ending December 31, 1938, there was in effect an ordinance adopted by the City of Philadelphia imposing a tax, with certain exceptions, upon purchasers for consumption of tangible personal property. Section 2 fixed the tax at "two per centum upon the amount of every sale in the City of Philadelphia." Another clause of Section 2[1] directs that the tax "shall be paid by the purchaser to the vendor for and on account of the City of Philadelphia." The vendor was liable for the collection of the tax and was required to charge it to the purchaser separately from the sales price. Other pertinent sections of the ordinance are Sections 3,[2] 6[3] and 7.[4]

During the effective period of the ordinance the bankrupt, a vendor of merchandise in the City of Philadelphia, made sales, the tax on which amounted to $446.25. This sum was never remitted to the city.

The city filed a claim in the bankrupt estate for this amount and asserted priority of payment. Bankrupt's landlord objected to giving a preference to the city's claim. The trustee had insufficient funds to pay both the landlord's claim and the city's claim.

The city's claim, to be entitled to priority, must be a claim for taxes within the meaning of Section 64, sub. a(4) of the Chandler Act.[5]

Under the language of the sections of this ordinance cited in the margin, it was not entirely clear whether the burden of the tax was laid upon the purchaser or upon the vendor.

This uncertainty was dispelled by the Supreme Court of Pennsylvania in Blauner's, Inc. v. Philadelphia, 330 Pa. 340, 198 A. 889, decided March 23, 1938. In sustaining the constitutionality of the ordinance, that court declared in clear and definite language that the purchaser was the taxpayer and the vendor was the tax collector. Said Mr. Justice Drew, speaking for the court, at page 345 of 330 Pa., at page 891 of 198 A.: "The subject of tax

---

[1] "Upon each taxable sale or service the tax to be collected shall be stated and charged separately from the sale price or charge for service and shown separately on any record thereof, at the time when the sale is made or evidence of sale issued or employed by the vendor and shall be paid by the purchaser to the vendor, for and on account of the City of Philadelphia, and the vendor shall be liable for the collection of the tax on the sale or the service rendered; and the vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale."

[2] "Sect. 3. Collection of Tax from Purchaser. The vendor shall collect from the purchaser a tax of two per centum on all sales and services taxable under this ordinance, * * *."

[3] "Sect. 6. Payment of Taxes. At the time of filing a return of sales and services each vendor shall pay to the Receiver of Taxes the taxes imposed by this ordinance. All taxes for the period

for which a return is required to be filed shall be due from the vendor and payable to the Receiver of Taxes on the date limited for the filing of the return for such period, without regard to whether a return is filed or whether the return which is filed correctly shows the amount of the taxes due thereon."

[4] "Sect. 7. Proceeding to Recover Tax. Whenever any vendor shall fail to collect any tax and/or to pay any tax or penalty imposed by this ordinance as in this ordinance provided, the City Solicitor shall, upon the request of the Receiver of Taxes, bring a civil action to enforce the payment of the same and/or institute criminal proceedings for the punishment of said vendor."

[5] "a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: * * *." c. 575, Sec. 64, sub. a(4), 52 Stat. 874, 11 U.S.C.A. § 104, sub. a(4).

in the instant ordinance is the transaction of sale. The purchaser is made the taxpayer, and the seller the collector of the tax, for which he is compensated. Counsel for appellants argue ably that the tax is in fact on the vendor. The ordinance makes it clear that this is not so. However, as we view the case, it would make no difference which party was required to pay; the tax being on the sale itself, if the city council had the power to make the levy, and it had that power if there was no duplication, it could require either party to the sale, to pay the tax. In this instance, the council saw fit to place it on the vendee."

Blauner's Inc. v. Philadelphia, supra, involved no federal question. The construction of the Philadelphia ordinance by the Pennsylvania Supreme Court is binding upon this court. J. Bacon & Sons v. Martin, 305 U.S. 380, 59 S.Ct. 257, 83 L.Ed. 233.

The Pennsylvania Supreme Court having determined that the vendor is a tax collector and not a taxpayer, is the city's claim one for "taxes legally due and owing by the bankrupt" within the meaning of Section 64, sub. a(4) of the Chandler Act? The quoted phrase from the Chandler Act was also contained in Section 64, sub. a of the old Bankruptcy Act.[6]

In United States v. Kaufman, 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685, the Supreme Court of the United States held that the Bankruptcy Act gave the United States no priority of payment out of partnership assets for a tax due from an individual partner, except to the extent of the share of each partner, if any, in the surplus remaining after the payment of the partnership debts.

■ Since the Pennsylvania Supreme Court has decided that the tax is not on the vendor and the Supreme Court of the United States has decided that a claim for taxes shall have priority only when the taxes are owed by the bankrupt himself,

the claim of the City of Philadelphia for priority of payment out of the vendor's bankrupt estate must be denied.

Counsel for the City of Philadelphia has presented a very able brief and called the court's attention to the New York City ordinance and the decisions of the New York Court of Appeals interpreting the New York City ordinance. It is conceded by the parties that the Philadelphia ordinance providing for the sales tax, and the Sales Tax Law enacted by the City of New York are, for all present purposes, identical.

■ Counsel for the city argues that the New York Sales Tax Law had been enacted and the cases thereunder decided prior to the enactment by the City of Philadelphia and that when the ordinance was adopted by the City of Philadelphia, there was adopted with it the construction placed thereon by the highest courts of the state of New York. 25 R.C.L.Statutes, Section 294. I agree with this statement as a presumption of law in the absence of an expression of legislative intention to the contrary, but such presumptive construction must yield as a binding influence on this court to any subsequent contrary decision by the Supreme Court of Pennsylvania.

I have examined the New York cases interpreting the New York City Sales Tax Law.[7] The New York Court of Appeals in the Atlas Television case held that the tax is assessed against the vendor and the city was entitled to priority. In rejecting the argument that the tax is on the purchaser and the vendor's obligation only a debt, the court said: "We might agree with that conclusion if the local law did not contain other provisions which indicate that the obligation imposed upon the vendor is in the nature of a tax." Subsequently, in the Merchants Refrigerating Company case, the New York Court of Appeals attempted to qualify its language in the Atlas Television case, but without, it seems to me, qualifying its decision.

[6] July 1, 1898, c. 541, § 64, 30 Stat. 563; Feb. 5, 1903, c. 487, § 14, 32 Stat. 800; June 15, 1906, c. 3333, 34 Stat. 267; May 27, 1926, c. 406, § 15, 44 Stat. 666.

[7] Matter of Atlas Television Company, Inc., 273 N.Y. 51, 6 N.E.2d 94, 96; Matter of Merchants Refrigerating Co. v. Taylor, 275 N.Y. 113, 9 N.E.2d 799;

Matter of Kesbec, Inc., v. McGoldrick, 278 N.Y. 293, 16 N.E.2d 288, 290, 291. See also the following Federal decisions: In re Lazaroff, 2 Cir., 84 F.2d 982; New York v. Goldstein, 299 U.S. 583, 57 S. Ct. 109, 81 L.Ed. 430; New York v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384; McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. ——.

Both of these decisions were rendered prior to the enactment of the Philadelphia ordinance.

In, Kesbec, Inc. v. McGoldrick, decided since, the enactment of the Philadelphia ordinance, the New York Court of Appeals, in a four to three opinion, said: "The sales tax was not imposed on the vendor. It fell upon the purchaser (Merchants Refrigerating Company v. Taylor) * * *." The dissenting opinion in the Kesbec case states that in the Atlas Television case the court rejected the argument that the vendor became a debtor and decided that the vendor "is a taxpayer and not an agent of the city." Judge Lehman, who wrote the opinion in the Atlas Television case, concurred in the dissent in the Kesbec case.

In the recent case, McGoldrick v. Berwind-White Coal Mining Company, 309 U.S. 33, 60 S.Ct. 388, 391, 84 L.Ed. —, the Supreme Court of the United States had before it the question whether the New York City Sales Tax infringed the commerce clause of the Federal Constitution. However, both the opinion of the court and the dissenting opinion commented upon the interpretations given by the New York Court of Appeals on the New York City Sales Tax Law. In rendering the court's opinion, Mr. Justice Stone said: "The ultimate burden of the tax, both in form and in substance, is thus laid upon the buyer, for consumption, of tangible personal property, and measured by the sales price. Only in event that the seller fails to pay over to the city the tax collected or to charge and collect it as the statute requires, is the burden cast on him. * * * The duty of collecting the tax and paying it over to the Comptroller is imposed on the seller in addition to the duty imposed upon the buyer to pay the tax to the Comptroller when not so collected. Such, in substance, has been the construction of the statute by the state courts."

In the dissenting opinion, Mr. Chief Justice Hughes said: "In the Matter of Atlas Television Co., * * * the Court of Appeals held that the contention that the seller was required only to collect the tax as the agent of the City could not be sustained and hence it was decided that in case of the seller's insolvency the City was entitled to priority of payment. The Court said: 'The duty of payment to the city is laid upon the vendor, not the purchaser. His liability is not measured by the amount actually collected from the purchaser but by the receipts required to be included in such return. Section 6. He must pay the tax even if failure to collect is due to no fault of his own'. This statement was repeated in Matter of Merchants Refrigerating Co. v. Taylor, and while it was there said that the Atlas case did not hold that the sales tax was 'imposed' on the vendor, still the court again ruled that the vendor 'is under a duty to pay the tax to the city regardless of whether or not the vendor collects it from the purchaser.' Id., 275 N.Y. page 124, 9 N.E.2d [799] page 803. If the vendor must pay the tax whether or not he can recoup the amount from the purchaser, and the tax, as here, is assessed against the vendor, it would seem inadmissible to defend the tax upon the ground that it is a tax upon the purchaser."

Whatever status the decisions of the New York Court of Appeals give the vendor in the New York law, they in no way affect the decision of the Pennsylvania Supreme Court that the tax in the Philadelphia ordinance is assessed on the vendee and not on the vendor. For the reasons cited above, I am bound by the decision of the Pennsylvania court. The city's claim is not for taxes due to the city from the insolvent, but for monies collected by the insolvent as agent for the city. The order of the referee denying priority of payment to the claim of the city should be confirmed. It is so ordered.