## CONSOLIDATION COAL CO. v. MARTIN et al.

### No. 8152.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1940.

814

Allen Prewitt, of Frankfort, Ky. (George B. Martin, of Catlettsburg, Ky., Edward C. O'Rear and Allen Prewitt, both of Frankfort, Ky., and Tusca Morris, of Fairmont, W.Va., on the brief), for appellant.

Jesse K. Lewis and A. E. Funk, both of Frankfort, Ky. (Hubert Meredith, A. E. Funk, and Jesse K. Lewis, all of Frankfort, Ky., on the brief), for appellees.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a decree of the District Court in an action for declaratory relief under Title 28 U.S.C. § 400, 28 U.S.C.A. § 400, seeking a temporary and permanent injunction against a certification of assessments for a franchise tax under §§ 4077 to 4082, inclusive, Carroll's Kentucky Statutes. Appellant attacks that part of the decree which holds that in relation to the operations hereinafter described, it is liable for a franchise tax for each of the years 1933, 1934, and 1935, under § 4077, Carroll's Kentucky Statutes, which in its pertinent portion reads as follows:

"Every railway company or corporation, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, bus line company, palace car company, dining car company, sleeping car company, chair car company, tank car company, coal car company, pipe line company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the state, and a local tax thereon to the county, incorporated city, town, and taxing district, wherein its franchise may be exercised."

Appellant, a Delaware corporation engaged in the mining of coal, has properties located in five counties and twenty-two taxing districts of Kentucky. It constructed electric power plants at Van Lear and at Jenkins, and bought an electric transmission line for the purpose of operating its mining machinery and lighting its various buildings and tenant-houses.

█ During the period in controversy appellant owned the entire territory of the city of Van Lear, Kentucky, with the exception of the right of way owned by the Chesapeake & Ohio Railway Company and certain buildings owned by the board of education of Van Lear. Substantially the same situation existed with reference to the town of Jenkins, except that a small area known as East Jenkins, within the corporate limits of Jenkins, was privately owned. In the conduct of its coal-mining business appellant has built and maintained numerous dwelling-houses, school buildings, churches, structures for recreation, and other buildings essential not only for the family life of its employees, but for the community life of the mining camps. During the years in question appellant has furnished electric light under contract for its tenants, who have paid an established charge therefor, and also for certain non-tenants, and has sold the greater part of its surplus power to the Elk Horn Coal Corporation, a mining company. The average percentage of the surplus power thus disposed of to Elk Horn is about 99% a year. While appellant alleges that it has repeatedly refused to sell power to certain individuals (a fact which upon the motion to dismiss must be taken as true), during the years involved it has either sold power direct to practically all who applied for or used it, or has sold it to individuals who in turn have resold it to others.

Appellees have assessed a franchise tax upon that part of appellant's property and business which is directly connected with the sale of electric light and power, under § 4077, Carroll's Kentucky Statutes.

It is in brief appellant's contention that providing electric light current to its tenants, employees and a few non-tenants is an activity purely incidental to its coal mining business, not such as to constitute it a public utility. It urges that the sale of its surplus power generated for the purpose of its mining operations to another mining company under private contract

does not constitute it a public utility, and that the insignificant separate sales to non-tenants fail to alter its status as a private producer of electric power.

The statute establishes three classes of companies or corporations which are subject to the tax: (1) those whose business is expressly named in the section and those engaged in like or similar business; (2) those which have or exercise any special or exclusive privilege or franchise not allowed by law to natural persons; (3) those performing any public service. Louisville Tank Line Co. v. Commonwealth, 123 Ky. 81, 93 S.W. 635. It was within the power of the legislature to declare by statute what corporations and companies are subject to taxation thereunder. Providence Banking Co. v. Webster County, 108 Ky. 527, 57 S.W. 14.

If appellant's operation falls within any one of these three classifications, the tax is rightly assessed.

In construing § 4077, we are bound to follow the decisions of the courts of Kentucky. Morehead v. New York ex rel. Tipaldo, 298 U.S. 587, 609, 56 S.Ct. 918, 80 L.Ed. 1347, 103 A.L.R. 1445; Bacon & Sons v. Martin, 305 U.S. 380, 59 S.Ct. 257, 83 L.Ed. 233.

Under the Kentucky decisions, the decree of the District Court was correct and must be affirmed. Appellant does not fall within the list of corporations expressly enumerated in the statute, but it does fall within the classification of "like" companies, corporations or associations, and also it performs a public service.

The term "tax on its franchise" is not employed in § 4077 in the technical sense. It is a tax upon the value of the intangible property employed in a business, that is, an ad valorem tax. James, Aud., v. Kentucky Refining Co., 132 Ky. 353, 359, 113 S.W. 468; City of Newport v. South Covington & Cincinnati Street Ry. Co., 156 Ky. 403, 161 S.W. 222; Chesapeake & Ohio Ry. Co. v. Commonwealth, 190 Ky. 552, 228 S.W. 15. The Supreme Court of the United States has recognized that this is the law of Kentucky. In Adams Express Co. v. Kentucky, 166 U.S. 171, 17 S.Ct. 527, 530, 41 L.Ed. 960, the court said:

" * * * taking the whole act together,' and in view of the provisions of sections 4078, 4079, 4080, and 4081, we agree with the circuit court that it is evi-dent that the word 'franchise' was not employed in a technical sense, and that the legislative intention is plain that the entire property, tangible and intangible, of all foreign and domestic corporations, and all foreign and domestic companies possessing no franchise, should be valued as an entirety, the value of the tangible property be deducted, and the value of the intangible property thus ascertained be taxed under these provisions * * *."

This holding was reaffirmed by the Supreme Court in Greene v. Louisville & Interurban R. Co., 244 U.S. 499, 13 S.Ct. 673, 61 L.Ed. 1280, Ann.Cas.1917E, 88. It therefore is not necessary to the affirmance of the decree herein that it appear that the state has granted the company a franchise to operate as a public utility. State Tax Commission v. Petroleum Exploration, 253 Ky. 119, 68 S.W.2d 777.

While the appellant is chartered as a coal company and not as an electric light or power company, under the Kentucky decisions it falls within the second classification of the statute, that is with reference to the operation involved it is a "like company" to an electric light or power company. Appellant urges that because the operation is only incidental, it does not fall within this classification; yet in this branch of the business (the only one upon which appellees have assessed the tax), its business is exclusively that of selling light and power, and in that respect it is not different in any way from the ordinary light and power company. Louisville Tank Line Co. v. Commonwealth, supra. The fact that the business is transacted wholly with appellant's tenant-employees, a few non-tenants and one large private customer, does not change the character of the business. Louisville Tank Line Co. v. Commonwealth.

This is true although appellant's charter does not specifically or by implication authorize it to operate an electric light or power company. The tax is laid upon the franchise, which in Kentucky is not upon the right to do the thing, but the doing of it. James, Aud., v. Kentucky Refining Co., supra, 132 Ky. at page 357, 113 S.W. 468. The fact that appellant has not, unless in the operations set forth above, held itself out as operating a public utility, is also immaterial, for § 4077 does not seek to tax the right to operate as an electric light or power company, but it fixes a

value upon the privilege which appellant has enjoyed, of carrying on that operation. James, Aud., v. Kentucky Refining Co., supra.

Moreover, during the tax-years involved appellant was a private corporation performing a public service, and thus fell within the third classification of the statute. Acceptance of substantially all requests for service constituted an election to engage in such business. The company has in practical effect devoted its property in part to a public function. Cf. Wingrove v. Public Service Commission, 74 W.Va. 190, 81 S. E. 734, L.R.A.1918A, 210. Hence it is subject to public regulation. Munn v. Illinois, 94 U.S. 113, 24 L.Ed. 77. Within the scope of recent decisions of the Supreme Court, the character and extent of the use of the property in question made the service public. Van Dyke v. Geary, 244 U.S. 39, 37 S.Ct. 483, 61 L.Ed. 973.

The decree is affirmed.