KATHLEEN GILLETT, *et al.,* as and Constituting the STATE
BOARD OF BEAUTY CULTURE EXAMINERS, v. LLOYD COL-
SON, *et al.*

198 So. 109
Division A
Opinion Filed October 8, 1940

*A. P. Buie,* for Appellant;

*J. C. Rogers* and *J. P. Marchant,* for Appellees.

BUFORD, J.—Appellees exhibited their bill of complaint in the Circuit Court in and for Polk County in the Tenth Judicial Circuit of Florida, against the appellants seeking to prohibit and enjoin the enforcement of Chapter 16800, Acts of the Legislature of 1935, on the ground that the legislative Act was unconstitutional and void because it violates Section 16 of Article III of the Constitution and because it violates Section 12 of the Declaration of Rights of the Constitution of Florida and the Fourteenth Amendment to the Federal Constitution.

After stating the findings, the chancellor decreed:

"That the Temporary Injunction heretofore issued in this cause, be and the same is hereby made permanent; and that the defendants herein be and they are hereby enjoined and restrained from collecting or attempting to collect the sum of $100.00 or any other sum from the complainants or any

of them, for annual renewal or teacher's certificate to teach in beauty culture schools, and from collecting or attempting to collect from the complainant Katherine Groover any fee for restoration of certificate to teach in beauty culture schools; and from in any wise interfering with the said complainants or any one of them teaching beauty culture in a beauty culture school, unless it be for reasons other than the non-payment of such fees; that the defendants be and they are hereby enjoined from attempting in any way to enforce the collection of such fees or any part of same.

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DE-CREED that the Temporary Injunction, so far as Lloyd Colson is concerned, be and the same is hereby dissolved, for the reason that said Lloyd Colson is not qualified under the law to teach beauty culture and no effort is being made by the defendants to collect a fee for such teaching from the complainant Lloyd Colson."

The bill of complaint alleges:

"That plaintiffs are fully qualified to teach beauty culture in the State of Florida, and are now acting and engaging in such vocation; that each of said plaintiffs were eligible to and did take examinations and receive certificates issued by the defendants, as said State Board of Beauty Culture Examiners, and paid their respective fees for the privilege of such examination and for the issuance of said certificates, which they now hold."

It alleged that the named defendants constituted the State Board of Beauty Culture Examiners and that they are attempting to enforce the legislative Act, *supra,* against the plaintiffs. It alleges:

"That plaintiffs Lloyd Colson and Dora Colson, own and operate a beauty culture school in Lakeland, Polk County, Florida, under the name of the Lakeland School of Beauty

Culture, in which they are the only teachers; that the plaintiff Felix Coune, owns and operates a school of beauty culture in the City of Tampa, Hillsborough County, Florida, under the name of Florida University School of Dermatology, in which he is the only teacher; that plaintiff, Katherine Groover, likewise owns and operates a school of beauty culture in Lakeland, Polk County, Florida, under the name of Groover School of Beauty Culture, in which she is the only teacher; that there are other persons in the State of Florida who are qualified to teach beauty culture in the State of Florida, and are similarly situated and in the same class as the plaintiffs in this suit."

And the bill of complaint further alleges:

"That the defendants, as such Board, are demanding that plaintiffs, and other parties similarly situated as aforesaid, renew their several certificates to teach beauty culture by paying the fees which said Board claim to be due under the terms of said Act—that is $100.00 each for plaintiffs, Lloyd Colson and Dora Colson, $100.00 for Felix Coune, Sr., and $100.00 for Katherine Groover; that said Board is threatening to interfere with and prevent the several plaintiffs, and other persons similarly situated, from teaching beauty culture in the State of Florida, unless and until said plaintiffs have paid the said renewal fees demanded by said board."

The title to the Act, *supra,* is as follows:

"An Act defining the practice of Beauty Culture and requiring a license or Certificate of registration as a condition precedent to any person practicing beauty culture or acting as a junior operator beautician and prescribing the terms and conditions upon which licenses or certificatees of registration may be issued to any person to practice beauty culture or act as a junior operator beautician in the State

of Florida; creating the State Board of Beauty Culture Examiners and defining and declaring its powers and duties; regulating the practice of beauty culture or acting as a junior operator beautician by those licensed hereunder; regulating the operation of beauty schools, prescribing a course of study for such schools and the requirements for graduation therefrom; imposing certain fees upon persons applying for licenses or certificates of registration to practice beauty culture, act as a junior operator beautician or teach in beauty culture schools in this State; and appropriating the proceeds thereof to accomplish the purposes of this Act; and prescribing penalties for the violation of the provisions of this Act and regulations hereunder."

Section 12 of the Act provides:

"Section 12. Any person, resident of this State, who has for six months immediately preceding the passage of this Act continuously engaged in the practice of beauty culture at one or more established places of business in this State shall be granted a certificate of registration as a registered beautician without examination by making application to the Board on or before October First, A. D. 1935, and paying the required fee.

"Any person who, prior to the passage of this Act, was practicing beauty culture as a junior operator under the supervision of a practicing beautician in this State, or who was practicing beauty culture continuously in this State for a period of not less than two (2) years immediately preceding the passage of this Act, shall be granted a certificate of registration to practice as a junior operator by making application to the Board on or before October First, A. D. 1935, and paying the required fee. Such person shall in either of the cases above mentioned be given credit for

the time so spent as a part of the time required under the provisions of subdivision (e) of Section 5 of this Act.

"Any person who, prior to the passage of this Act graduated from or who was a student in a school of beauty culture is qualified upon graduation from such school to take examination for a certificate of registration to practice as a junior operator without regard to whether such school complied with the standards for approval specified in Section 7 of this Act.

"All present practitioners, either beauticians, junior operators or beauty culture teachers must furnish to the Board a certificate issued by a practicing medical doctor of this State attesting that they are free from any contagious or infectious disease before a license or permit to practice shall be issued to them."

Section 14 of the Act provides:

"Section 14. Every registered beauty culture teacher, registered beautician and every registered junior operator who continues in active practice or service shall annually on or before July first of such year renew his or her certificate of registration and pay the required fee. Every certificate of registration which has not been renewed during the month of July in any one year shall expire on the first day of August in that year. A registered beautician or registered junior operator whose certificate of registration has expired may have his or her certificate restored immediately upon payment of the restoration fee. Any registered beautician who retires from practice of beauty culture and any registered teacher who retires from teaching for not more than five years may renew his or her certificate upon the payment of the required restoration fee."

The pertinent part of Section 17 of the Act is as follows:

"Section 17. The fee to be paid by an applicant who was

not a resident of the State of Florida at the time this law becomes effective for an examination to determine his or her fitness to receive a certificate of registration to practice beauty culture is Fifty ($50.00) Dollars and for the issuance of the certificate is Five ($5.00) Dollars. The fee to be paid by an applicant who is a resident of the State of Florida at the date this law becomes effective and qualifies under Section 12 of this Act is Ten ($10.00) Dollars and for the issuance of the certificate is Two ($2.00) Dollars.

"The fee to be paid by an applicant for examination to determine his or her fitness to receive a certificate of registration to teach beauty culture is One Hundred ($100.00) Dollars and for the issuance of a certificate to teach beauty culture is Fifty ($50.00) Dollars.

"The fee to be paid by an applicant for an examination to determine his or her fitness to receive a certificate of registration to practice as a junior operator is Twenty-five ($25.00) Dollars and for the issuance of the certificate is Five ($5.00) Dollars.

"The fee to be paid by an applicant for an examination to determine his or her preliminary education is Five ($5.00) Dollars.

"The fee to be paid for the renewal of a certificate of registration to teach beauty culture is One Hundred ($100.00) Dollars.

"The fee to be paid for the renewal of a certificate to practice beauty culture is Five ($5.00) Dollars.

"The fee to be paid for the restoration of an expired certificate to teach beauty culture is One Hundred ($100.00) Dollars, where there is but one teacher in a school, and fifty dollars each where there are two teachers in one school, forty dollars each where there are three teachers in

one school, and twenty-five dollars each where there are four or more teachers in one school.

"The fee to be paid for the restoration of a certificate to practice beauty culture is Ten ($10.00) Dollars.

"The fee to be paid for the renewal of an expired certificate to practice as a junior operator is Ten ($10.00) Dollars.

"The fee to be paid for the renewal of a certificate of registration to practice as a junior operator is Ten ($10.00) Dollars.

"The examination to be given to a resident junior operator to determine his or her fitness to receive a certificate to practice as a beautician shall be at no cost, provided the junior operator has graduated from a school approved by the Board, passed the examination to become a junior operator and has qualified with all the provisions of Section six.

"All applications for renewal or restoration of certificate must be made within a period of one year after the date of expiration, otherwise the fee shall be Twenty-five ($25.00) Dollars, except beauty culture teachers, which shall be one hundred ($100.00) Dollars."

We have no hesitancy in holding that the title to the Act is sufficient to cover and embrace every provision of the Act. Each and every provision thereof is either referred to in the title of the Act or in matter properly connected with the subject matter set forth in the title. See Miami Transit Co. v. McLin, 101 Fla. 1233, 133 Sou. 99. Also see State *ex rel.* Modie v. Bryan, 50 Fla. 293, 39 So. 929, text 960 (citing Gibson v. State, 16 Fla. 291 which quoted and approved Walker v. Caldwell, 4 La. App. 298) ; State *ex rel.* Crump, *et al.,* v. Sullivan, *et al.,* 99 Fla. 1070, 128 So. 478; County Comm'r. v. Jax, 36 Fla. 196, 18 So. 339;

29 L. R. A. 416; *Ex Parte* Knight, 52 Fla. 144, 41 So. 786, 120 Am. St. Rep. 191; Rushton v. State, 75 Fla. 422, 78 So. 345; State *ex rel.* Davis, Atty. Genl., *et al.,* v. Rose, *et al.,* Fla. Real Estate Commission, 97 Fla. 210, 122 So. 225, text 231, and with a full discussion: State *ex rel.* Moodie, *et al.,* v. Bryan, *et al.,* 50 Fla. 293, 39 So. 929, text 949; State *ex rel.* Oglesby v. Hand, Sheriff, 96 Fla. 799, 119 So. 376, text 378; State *ex rel.* Terry v. Vestal, 81 Fla. 625, 88 So. 477; Lewis v. Leon Co., 91 Fla. 118, 107 So. 146; Williams *et al.,* v. Dormany, 99 Fla. 496, 126 So. 117, text 122; *Ex Parte* Sarros, 116 Fla. 86, 156 So. 296, text 399; Posados v. Warner, 279 U. S. 340, 49 Sup. Ct. 333, 73 L. Ed. 729; *Ex Parte* Pricha, 70 Fla. 265, 70 So. 406; State v. Bestel, 81 Fla. 625, 88 So. 477; F. E. C. Ry. Co. v. Hazel, 43 Fla. 263, 31 So. 272, 99 Am. St. Rep. 114; Hayes v. Walker, 54 Fla. 163, 44 So. 747; Thompson v. State, 66 Fla. 206, 63 So. 423; *Ex Parte* Gilletti, 70 Fla. 442, 70 So. 446; Thomas v. Hand, 114 Fla. 866, 153 So. 847.

There is, however, such inconsistency and discrimination apparent in that paragraph of Section 17 reading as follows: "The fee to be paid for the restoration of an expired certificate to teach beauty culture is One Hundred ($100.00) Dollars, where there is but one teacher in a school, and fifty dollars each where there are two teachers in one school, forty dollars each where there are three teachers in one school and twenty-five dollars each where there are four or more teachers in one school" as to make that paragraph of the Act void and unenforceable. But, without this paragraph, the Act is a complete and workable statute.

It appears that it was probably the intention of the Legislature to make this paragraph apply to those persons, firms or corporations who and which had obtained a certificate for the operation of a school of beauty culture but we can-

not rewrite the Act so as to bring this paragraph within the purview of constitutional legislation. There is no such lack of harmony or such conflict between the provisions of that paragraph of the section reading: "The fee to be paid by an applicant for examination to determine his or her fitness to receive a certificate of registration to teach beauty culture is One Hundred ($100.00) Dollars and for the issuance of a certificate to teach beauty culture is Fifty ($50.00) Dollars," and that paragraph reading: "The fee to be paid for the renewal of a certificate of registration to teach beauty culture is One Hundred ($100.00) Dollars," as to require the elimination of either paragraph. The first paragraph provides for the payment of fees totaling $150.00 for determining the fitness of the applicant and for the certificate authorizing such person to teach, and the latter paragraph provides for the renewal of the certificate for the fee of $100.00 only; and the Act provides that the certificates of registration should be renewed annually.

There is no merit in the contention that the permit or license features of the Act are not enforceable for the reason that the enforcement of the Act provides more money than is necessary for the administration of the Act. The disposition to be had in this regard is a matter for legislative consideration and action.

For the reasons stated, the decree is reversed with directions that a decree be entered not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.