## UNITED ENTERPRISES, Inc., v. DUBEY et al.

### No. 73.

District Court, N. D. Florida, Pensacola Division.

Dec. 5, 1941.

Lockyear & Lockyear, of Evansville, Ind., for plaintiff.

J. Tom Watson, Atty. Gen., Woodrow W. Melvin, Asst. Atty. Gen., and Joseph S. White, of West Palm Beach, Fla., for defendant board.

LONG, District Judge.

This case is before the court upon the complaint, answer of the defendants, agreed statement of facts, and on motion for declaratory judgment.

The paramount questions to be determined are two: First, has the court jurisdiction, and second, whether the police regulation sought to be enforced upon the plaintiff is reasonable.

Where jurisdiction is based solely upon the ground of diversity of citizenship, as in this case, before any District Court may enjoin, suspend or restrain the

enforcement, operation or execution of any order of an administrative board of a state, it must appear that no speedy and efficient remedy may be had at law or in equity in the courts of such state, and secondly, that the police regulation interferes with interstate commerce.

As to the amount involved, as the plaintiff does business in Florida other than the business affected by demonstrations, there is some degree of uncertainty as to what part of the amount of the business alleged to have been lost to plaintiff by the act of the board is realized from demonstrations or from straight sales to customers within the state.

The agreed statement of facts definitely fixes the character and nature of the demonstrations conducted by the sales representative of the plaintiff, and is nothing more or less than what is known to the trade as a "facial", and prohibited by the Florida Act when being performed by one not having a license so to do.

The plaintiff admits the inherent police power of the state to regulate the practice of beauty culture, and that the act under consideration, in so far as it attempts to regulate that profession or trade, is the proper exercise of that power, subject, of course, to the definite and controlling limitation that such regulation must be reasonable, and that such regulation must have a reasonable relation to the public health problem involved.

The Supreme Court of Florida in Gillett et al., Constituting State Board of Beauty Culture Examiners, v. Florida University of Dermatology, Inc., 144 Fla. 236, 197 So. 852, has upheld the power to regulate trades or professions operating directly on the person and especially as to the occupation of a barber or beauty culturist, upon the theory that their operation affects the health, comfort, safety and public welfare of the public.

While the plaintiff's business is the sale of cosmetics in the state of Florida and elsewhere, and it is not engaged in the practice of beauty culture, yet its representative in giving the demonstrations engages in the practice of beauty culture by giving what is known to the trade as a "facial" in a beauty shop in the same manner and with the same tools as is used by the licensed operator, consuming some forty minutes of time. On the one hand we have the trained beautician with a certificate of health, licensed under the law,—and on the other the representative of plaintiff, untrained, without authority of law, and who may be the bearer of a communicable disease, performing the same service.

It is easy to distinguish the case at bar from the Alabama case (Board of Cosmetological Examiners v. Gibbons, 238 Ala. 612, 193 So. 116), relied on particularly by the plaintiff. While the allegations in the complaint in both cases are quite similar, the facts in the case at bar as they actually exist are not the same. In the Minnesota case (Luzier Laboratories v. Minnesota State Board, 189 Minn. 151, 248 N.W. 664, 666), upon which the defendants rely, the facts are on all fours with the case under consideration. In that particular case the Minnesota court used this language: "We cannot see how the law interferes with the interstate commerce which plaintiff carries on in this state. It is free to sell its goods everywhere, but may not carry on the occupation of beauty culturist by its salesmen unless they are licensed."

In this connection plaintiff points out that the Minnesota statute was amended subsequent to the ruling.

It appears that similar legislative relief may be the proper remedy in the case at bar.

As to the reasonableness of the police regulation prohibiting the giving of facials, there is abundant authority to the effect that the power of the federal government to regulate interstate commerce does not disable the states from adopting reasonable measures designed to secure the health and comfort of their people. Every state police statute in some manner will necessarily affect interstate commerce in some degree, but such a statute does not run counter to the grant of congressional power merely because it incidentally or indirectly involves or burdens interstate commerce.

No showing has been made that plaintiff does not have a speedy and efficient remedy at law or in equity in the courts of this state, or that the Florida act unreasonably interferes with plaintiff's rights to transact its business in interstate commerce.

It is, therefore, the opinion of the court that it is without jurisdiction,—but, were the opinion to the contrary the court holds that the Florida act under consideration is a proper exercise of the state's

police power and that the regulation is reasonable.

An order will be entered denying the motion for declaratory judgment and dismissing the complaint at the cost of the plaintiff.