**UNITED ENTERPRISES, Inc., v. DUBEY et al.**

**No. 10209.**

Circuit Court of Appeals, Fifth Circuit.

June 16, 1942.

Jos. S. White, of West Palm Beach, Fla., and J. Tom Watson, Atty. Gen. of Florida, for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

By statute the State of Florida has regulated the practice of beauty culture within its bounds.[1] Appellant, an Indiana corporation, is engaged in the manufacture of various beauty compounds, which it sells in interstate commerce. Appellees, as members of the board of examiners appointed to administer the Act, attempted to enforce its provisions against employees of appellant, on the ground that certain demonstrations given by said employees in Florida, as a part of their selling technique, amounted to the practice of beauty culture as defined in the statute. Appellant thereupon sued in the court below for a declaratory judgment that the statute was not applicable to its business, or, if applicable, was violative of Article 1, Section 8, Clause 3, of the federal constitution and the fourteenth amendment thereto. The court below, being of the opinion that the requisite jurisdictional amount was not shown to be involved, and that appellant was not entitled on the merits to the relief sought, dismissed the bill.

The question of federal jurisdiction is reached first, and we think it must be decided in favor of appellant. The complaint alleges that the yearly profits of the corporation from its business in Florida amounted to $4,800, and that, if appellees continued to regulate its employees and its business under the statute, it would be forced thereby to discontinue its business in the state as carried on by means of the demonstrations, and, as a consequence thereof, it would sustain damages in excess of $3,000. There is no claim that this allegation was not made in good faith, nor that the appellant's right to do business in Florida is not worth more than $3,000. The value to appellant of the right to transact its business freed from the restraint of the statute is determinative of the amount in controversy, which value is fixed by the ad damnum clause of the complaint, asserted in good faith, at a sum sufficient to confer jurisdiction upon the court below.[2]

Theodore Lockyear, of Evansville, Ind., for appellant.

---

[1] Chapter 16800, Florida Acts of 1935, as amended by Chapters 20333 and 20860; Acts of 1941.

[2] Scott v. Donald, 165 U.S. 107, 17 S. Ct. 262, 41 L.Ed. 648; Hunt v. New York Cotton Exchange, 205 U.S. 322,

Section 2 of the statute in question provided that the administering of facial or scalp massage or treatment with oils, creams, lotions, or other preparations, or the application of cosmetic preparations, antiseptics, powders, oil, clay, or lotions to the scalp, face, or neck, constituted the practice of beauty culture. Appellant's demonstrations admittedly included many of these practices, and its employees therefore came squarely within the Act and were subject to its terms unless some constitutional bar forbade the application of the statute to them.

■■■ Conceding without deciding that the demonstrations formed a part of an interstate transaction, that fact alone did not preclude the state from enforcing regulatory laws, enacted pursuant to the police power of the state for the purpose of promoting the welfare and happiness of its citizens. A state, by legislation under its police power, may provide for the protection of the public health, the public morals, and the public safety, unless Congress has preempted the particular field in question or unless the state transcends its legitimate authority and undertakes the regulation of interstate commerce by imposing burdens upon it.[3] The states of the union have never relinquished their sovereign power so to protect their citizens by appropriate legislation; they are only obligated to exercise their authority without encroachment upon powers delegated to the federal government and rights arising thereunder;[4] and so long as a state statute, designed to promote and protect the public health, has a real and substantial relation to that purpose, is reasonable, and operates without discrimination between subjects of the same class, it is not violative of the Fourteenth Amendment.[5]

■■■ The Legislature of Florida plainly intended by this statute to prevent the spread of contagious diseases, to induce cleanliness and sanitation, and to insure the adoption of healthful standards throughout the beauty culture industry, in the interests of the public welfare. The regulatory provisions of the statute are appropriate to the attainment of the legislative object, and are not arbitrary or unreasonable. From its very nature, the practice of beauty culture is essentially an intrastate business as localized in character as any exclusively personal-service enterprise. The fact that a regulatory statute of a state, otherwise valid under rigorous scrutiny, is, in an isolated instance, effective incidentally to burden interstate commerce, does not destroy its constitutionality.[6]

The motion to dismiss was properly sustained on the merits, and the judgment appealed from is affirmed.

27 S.Ct. 529, 51 L.Ed. 821; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; McNutt v. General Motors, 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135.

3 Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204; Cloverleaf Butter Co. v. Patterson, 62 S.Ct. 491, 86 L.Ed. ——.

4 California Reduction Co. v. Sanitary Reduction Works, 199 U.S. 306, 26 S. Ct. 100, 50 L.Ed. 204; House v. Mayes, 219 U.S. 270, 31 S.Ct. 234, 55 L.Ed. 213; Watch Tower Bible & Tract Society v. City of Bristol, D.C., 24 F.Supp. 57, 305 U.S. 572, 59 S.Ct. 246, 83 L.Ed. 361.

5 Missouri Pacific R. Co. v. Humes, 115 U.S. 512, 520, 6 S.Ct. 110, 29 L.Ed. 463; Watson v. Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987; Clason v. Indiana, 306 U.S. 439, 59 S.Ct. 609, 83 L. Ed. 858; In re Wilshire, C.C., 103 F. 620.

6 J. Bacon & Sons v. Martin, 305 U.S. 380, 59 S.Ct. 257, 83 L.Ed. 233; Milk Control Board v. Eisenberg Co., 306 U. S. 346, 59 S.Ct. 528, 83 L.Ed. 752; Texas Co. v. City of Tampa, 5 Cir., 100 F.2d 347; Gillett et al. v. Florida University of Dermatology, 144 Fla. 236, 197 So. 852; Luzier Laboratories v. Minnesota State Board, 189 Minn. 151, 248 N.W. 664; Gillett v. Colson, 144 Fla. 377, 198 So. 109.