QUESTIONS: 1. Can the State Board of Independent Post-Secondary, Vocational, Technical, Trade and Business Schools require a school located outside Florida to obtain a license from the board in order to solicit students in Florida by sending agents into Florida seeking enrollments or by advertising in Florida for the purpose of soliciting students? 2. Would a school which operates for the sole purpose of preparing students to take examinations such as the bar exam or certified public accountant exam be required to obtain a license from the board?
SUMMARY: The State Board of Independent Post-Secondary Vocational, Technical, Trade and Business Schools cannot require a school located outside Florida to obtain a "school" license from the board, although the agents of such school who solicit in Florida may be required to obtain an "agent's" license. Bar review and C.P.A. examination courses do not come within the jurisdiction of the board and do not have to obtain a school license. AS TO QUESTION 1: By virtue of the Commerce Clause of the United States Constitution (Art. I, s. 8, Clause 3), the exclusive power to regulate interstate commerce is vested in the Congress, and state laws which impose burdens upon interstate commerce are invalid. State ex rel. Florida Portland Cement Co. v. Hale, 176 So. 577
(Fla. 1937). Nevertheless, it has been held in many cases that the state, in the exercise of its police power, may make rules and regulations which seek to protect the welfare and safety of the people, even though such laws may have an effect on interstate commerce. State ex rel. Florida Portland Cement Co. v. Hale, supra; United Enterprises, Inc. v. Dubey, 42 F. Supp. 60, aff'd128 F.2d 843, cert. den. 317 U.S. 669 (1941). The Florida Supreme Court has recognized that it is not every type of state regulation or taxation that bears on interstate commerce which will fall, but rather only state action which unduly or unreasonably interferes with or impedes the flow of commerce between the states. Green v. Western Union Tel. Co., 123 So.2d 712 (Fla. 1960). Interstate commerce can be made subject to a license or privilege tax by the state or a municipality only where there is a separable intrastate "incident" which is being licensed or to which the tax can attach, as long as such license or tax does not unreasonably discriminate against interstate commerce. Olan Mills, Inc. v. Tallahassee,100 So.2d 164 (Fla. 1958), cert. den. 359 U.S. 924. [ss. 246.201-246.231, F.S. (1974 Supp.)] Chapter 74-360, Laws of Florida, created the State Board of Independent Post-Secondary Vocational, Technical, Trade and Business Schools to establish minimum standards for licensure of schools which are maintained or conducted for the purpose of offering instruction leading to occupational objectives. The act took effect on July 1, 1974, and the board has recommended such minimum standards to the State Board of Education which adopted them on December 17, 1974, and which now appear as Ch. 6F, Florida Administrative Code. While a state may, under certain circumstances, regulate the intrastate incidents of interstate commerce in the exercise of its police power as discussed above, I do not find any authority, either in Ch. 74-360, Laws of Florida, or in cases previously decided in other jurisdictions, that would require a school or business located entirely outside of the state to pay a license fee and obtain a license from the board. Chapter 74-360, supra, does contain a definition of "out-of-state school" or "school outside the state" in subsection (3) of s. 2 [s. 246.203(3) F.S. (1974 Supp.)]. However, nowhere in the act are these terms used, other than in the definition section. Further, the only part of the act which in any way refers to out-of-state schools is subsection (2) of s. 8 [s. 246.215(2), F.S. (1974 Supp.)] which reads as follows: No employee or agent shall solicit for remuneration any prospective student within this state to enroll in a school established or to be established within or without this state unless such school within this state has been approved by the board and unless such employee or agent within or without this state shall apply for and obtain from the board an agent's license. (Emphasis supplied.) Thus, approval is specifically required only for schools within this state, while agents who solicit Florida students to enroll in a school within or without this state must obtain an agent's license from the board. There is a clear distinction between licensing an agent who is physically present within this state and who actually solicits students in this state and licensing an out-of-state school whose only contact with Florida is through advertising or solicitation. In my opinion, the board cannot require an out-of-state school to apply for and obtain a license not only because no specific authority over such schools is conferred in Ch. 74-360, supra, but also because, in the majority of cases which have been decided around the country involving out-of-state schools and correspondence schools in particular, it appears settled that the activities of such schools do constitute commerce within the meaning of the Commerce Clause of the United States Constitution. Therefore, the interstate business of such schools does not appear to be subject to state or other local regulation or licensing requirements. See generally 92 A.L.R.2d 522. This is not to say, however, that the board could not require agents of out-of-state schools who solicit in Florida to obtain an agent's license from the board, since such authority is conferred by subsection (2) of s. 8, Ch. 74-360, supra, and also since such physical presence and activity within Florida would seem to constitute the intrastate "incidents" necessary for a state to exercise its police power and regulate this portion of interstate commerce. As provided in Rule 6F-5.01(2), F.A.C., which sets forth requirements for an agent's license, if the agent seeks to represent an out-of-state school, the descriptive inventory of such school must be submitted and evaluated by the board not for the purpose of licensing the school but rather solely in order to determine whether the agent shall be licensed in Florida to solicit for a school which meets the minimum standards established by the board. Regarding advertising by out-of-state schools in Florida without the use of in-state agents, I find no authority in Ch. 74-360, supra, for regulation of this activity by the board. I do not believe that requisite intrastate incidents could be shown which would bring such advertising, either through the mail or on billboards, under the board's jurisdiction. AS TO QUESTION 2: The type of "school" over which the board has been given jurisdiction in Ch. 74-360, supra, includes those maintained or conducted for the purpose of offering instruction of any kind leading to occupational objectives or for the purpose of furnishing a diploma or degree in business, management, trade, technical, or other vocational education and professional schools not otherwise regulated. Section 2(1), Ch. 74-360. Bar review and C.P.A. exam courses to which your question refers do not appear to come within this definition of school since this instruction is not offered for the purpose of furnishing a diploma or degree, nor does it lead to "occupational" objectives. Rather, such courses prepare persons to take "professional" licensing examinations after such persons have already obtained their degrees in law or accounting. Additionally, in both cases, these professions are "otherwise regulated" and therefore specifically excluded from the definition of school over which the board has jurisdiction. Question 2 is therefore answered in the negative.