A. C. THOMAS v. HARRY HAND, Sheriff.

153 So. 847.
En Banc.
Opinion Filed April 4, 1934.
Petition for Rehearing Denied April 20, 1934.

*G. P. Garrett,* for Petitioner;

*Herbert B. Frederick* and *Horace D. Riegle,* for Respondent.

PER CURIAM.—Petitioner was arrested and committed under a warrant charging him with the violation of Chapter 14778, Acts of 1931, as amended by Chapter 16091, Acts of 1933, regulating the practice of optometry. By habeas corpus in this Court, he challenges the validity of that Act.

It is contended that Chapter 14778, Acts of 1931, is violative of Section 16 of Article III of the Constitution of Florida, in that the title to said Act is misleading and in that it relates to more than one subject and matter properly connected therewith.

It is contended that the said Act is in violation of Section 1 of the Declaration of Rights, in that it deprives the petitioner of the right of possessing and protecting property, that it is in violation of Section 12 of the Declaration of Rights in that it deprives petitioner of his liberty without due process of law and that said Act is in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States safeguarding persons in their constitutional privileges and immunities against the states, in depriving persons of their liberty without due process of law and in safeguarding all persons in the equal protection of the law.

An examination of the title to Chapter 14778, Acts of 1931, discloses it to be an Act to regulate the practice of optometry and we fail to find a suggestion in the title or provision in the body of the Act that does not in some way

relate to the examination, qualification or licensing of persons engaged in or proposing to engage in the practice of optometry, unless it be the provision for exempting registered optometrists from jury duty and that provision was repealed by Chapter 16091, Acts of 1933.

In Spencer v. Hunt, 109 Fla. 248, 147 So. 282, we considered and construed Chapter 14708, Acts of 1931, being an Act to regulate the practice of dentistry and dental surgery in the State of Florida and to provide penalties for the violation thereof. We held the last named Act good as against the assault made on it.

The Act brought in question in its application to optometrists is very similar to Chapter 14708, Acts of 1931, as applied to dentists and dental surgery, and the questions raised here are very similar to the questions raised and discussed in Spencer v. Hunt, *supra*. We have examined the record in the light of each question raised and have reached the conclusion that the Act under review should be upheld on authority of Spencer v. Hunt, *supra*.

The petitioner is remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—I concur in holding the Act valid as a whole, but reserve for future consideration any expression of opinion as to the efficacy of the Act when applied to particular facts which may or may not be within the legitimate scope of the legislative power to interfere with at all under a statute like that here considered.