DREW, Justice.
This is an appeal from a final judgment of the trial court holding Section 463.08, Florida Statutes 1967, F.S.A., unconstitutional and dismissing charges brought against the respondent here for engaging in the practice of optometry in violation of said statute. The decretal portion of said judgment pertinent to the issue here is as follows:
“[I]t is the Court’s finding that the Statute is unconstitutional in that it is vague and ambiguous because of a lack of definition of what is meant by ‘objective or subjective means or methods’ and because of the Statute’s failure to establish or set forth standards as to ‘objective or subjective means or methods.’ * * * It is the Court’s finding that Chapter 463.08 is unconstitutional in that it deprives the Defendant of due process of law because of its vagueness and ambiguity, and deprives the Defendant of his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section Twelve of the Declaration of Rights of the Florida Constitution. (Brack [Brock] vs. Hardie [114 Fla. 670], 154 So. 690.)”
The motion to dismiss the information[1] and the final judgment, although referring to Section 463.08 in several instances, are obviously directed to Section 463.01. The trial court in his Order was plainly concerned with the language of Section 463.01 which defines optometry and optometrist.
The trial court concluded that the statute was unconstitutional because it is so vague *214 and ambiguous that it deprived the defendant of his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section Twelve of the Declaration of Rights of the Florida Constitution, F.S.A., citing the case of Brock v. Hardie[2]. Had the statute provided merely that the diagnosis of the human eye and its appendages by the employment of any “objective or subjective” means constituted a violation of the statute there may have been some basis for the concern of the trial court. The statute, however, continues by describing and delineating in detail the activities prohibited. The words “objective or subjective” could be completely eliminated without affecting the purpose or meaning of the statute. In clear language, the statute condemns diagnosing the human eye or its appendages and on the basis of such diagnosis prescribing corrective lenses, etc., for the relief of any insufficiencies or abnormalities of the eye discovered by such diagnosis. The conduct condemned is clearly defined, rendering the cited case of Brock v. Hardie, supra, wholly inapplicable. Moreover, the information clearly and succinctly charges the defendant with acts constituting a violation of the statute'.
The original optometry act, Chapter 14778, Acts of 1931, from which the present act flows, was held constitutional by this Court in 1934.[3] That portion of the act declared unconstitutional here comes down substantially in the same language as it existed then. For the reasons announced in that decision as well as those contained here, we hold the questioned sections of the act to be constitutional and valid.
Reversed and remanded for further proceeding not inconsistent with the views herein expressed.
ERVIN, C. J., ADKINS and BOYD, JJ., and BALABAN, Circuit Judge, concur.

. The pertinent portion of the information to which the.motion was directed is as follows:
* * * RAUL L. YANES * * * “[D]id unlawfully engage in the practice of optometry at the FLAGLER MEDICAL CENTER located at 965 West Flagler Street, Miami, Dade County, Florida, by diagnosing the eyes and their appendages and employing the objective or subjective, means or methods for the purpose of determining the refractive powers of the eyes, or any visual, muscular, neurological or anatomic anomalies of the eyes and their appendages of one PEDRO NAVARRO, also known as LUIS RODRIGUEZ, by the defendant exam-ing and measuring the eyes of the said PEDRO NAVARRO with light and ruler devices and making resultant notations to a card then reposing on the defendant’s desk, and further by the defendant examining the eyes of the said PEDRO NAVARRO with a flashlight, a small tool device equipped with two blue bulbs, and a device known as. an opthalmascope, the defendant at the time and place aforesaid examining or refracting the eyes of the said PEDRO NAVARRO, also known as LUIS RODRIGUEZ, as aforesaid and thereafter as a result of the said examination advising him that he did not need corrective glasses or lenses, and that he did not need to wear glasses unless he wanted to do so and because they might be more comfortable, and then comfortable [sic], and then and there charging the said PEDRO NAVARRO also known as LUIS RODRIGUEZ, the sum of FIVE DOLLARS ($5.00), good and lawful money of the United States of America for making the eye examination and diagnosis as aforesaid when the said defendant had not first procured a certificate of registration and license as a registered optometrist, being in violation of 463.08 Florida Statutes.”

. 114 Fla. 670, 154 So. 690 (1934).

. Thomas v. Hand, 114 Fla. 466, 153 So. 847 (1934).